John LAURENZO, A Minor, by Frederick E. Laurenzo, his Natural Father and next Friend, Plaintiffs-Appellants,

v.

MISSISSIPPI HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., et al., Defendants-Appellees.

No. 80–3227.

United States Court of Appeals, Fifth Circuit.*
Unit A

Dec. 3, 1981.

Rehearing Denied Jan. 11, 1982.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Richard C. Davis, David G. Hill, Oxford, Miss., for plaintiffs-appellants.

Will A. Hickman, Oxford, Miss., John H. Price, Marita K. Pace, Jackson, Miss., for defendants-appellees.

Before INGRAHAM, POLITZ and WIL-LIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Appellant John Laurenzo, a minor, acting by and through Frederick E. Laurenzo, his natural father and next friend, filed a complaint pursuant to 42 U.S.C. § 1983, challenging the constitutionality of a rule prescribed by appellee Mississippi High School Activities Association (Association) and subscribed to by appellee Oxford Municipal Separate School District (School District). Appellant sought declaratory and injunctive relief, damages, and attorney's fees. The district court dismissed the complaint for lack of jurisdiction. We conclude that the complaint alleges sufficient facts to support federal jurisdiction; however, for the reasons assigned, we find the matter now moot, and the appeal is dismissed.

### Facts

In March 1980 when this suit was filed, John Laurenzo was a fifteen year old junior at Oxford High School, Oxford, Mississippi. John's parents had been divorced in March

of 1979 and his mother, a resident of Memphis, Tennessee, was awarded his legal custody. In August of 1979, John and his parents decided that John should make his home with his father. The Laurenzos sought no change in legal custody. In September of 1979, John enrolled at Oxford High School, a school belonging to the School District.

In February 1980, John attempted to join the Oxford High varsity baseball team. He was told he was ineligible because of Regulation 4(A) of the Constitution and By-Laws of the Association which provides:

> Where the parents of a pupil are legally separated or divorced and legal custody is granted to one of the parents, the pupil must live with this parent in order to be eligible. If a pupil under the above conditions transfers from one parent to the other and the parents live in different school areas, the pupil must remain out of competition for one year before becoming eligible.

### Jurisdiction

The district judge, relying on *Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155 (5th Cir. 1970), concluded that the complaint failed to raise a substantial federal question because participation in high school athletics is not a constitutionally protected right. The court also rejected the contentions that the rule violated the equal protection clause, appellant's privacy, and his right to travel.

■ The test for jurisdiction under 28 U.S.C. § 1343(3) was recently articulated in *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152 (5th Cir. 1980), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981). A district court must entertain such suits unless the federal question alleged is clearly immaterial or is made solely for the purpose of obtaining jurisdiction. *Id.* at 156.

■■ The district court correctly stated that an action arising solely from state interference with student participation in sports fails to raise a substantial federal

question. However, in the instant case, appellant has also charged that the regulation creates a conclusive presumption and interferes with freedom of family choice. These arguments present a substantial federal question. That they subsequently may be found to be without merit does not belie jurisdiction.

■ Appellant maintains he was denied participation in interscholastic athletic activity because he chose to live with his father, instead of his mother, and therefore the Association's rule impermissibly infringed his rights in a purely family matter. The constitutional right generally protecting the family has been recognized for nearly three score years by the Supreme Court. *See Moore v. City of East Cleveland*, 431 U.S. 494, 499, 97 S.Ct. 1932, 1935, 52 L.Ed.2d 531 (1977); *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 85 L.Ed. 645 (1944); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). Although the right of the family to determine living arrangements, the right implicated in the instant case, has never been accorded the status of a fundamental right, *see Moore v. City of East Cleveland*, 431 U.S. 494, 499, 97 S.Ct. 1932, 1935, 52 L.Ed.2d 531 (1977), it is nonetheless recognized as constitutionally protected. *See generally* our recent decision in *Kite v. Marshall*, 661 F.2d 1027 (5th Cir. 1981). Therefore, the instant complaint raises a federal question sufficient to satisfy the jurisdictional requirements of 28 U.S.C. § 1343(3).

Moreover, the Supreme Court has applied the doctrine of conclusive presumption to invalidate statutes on due process grounds. The rights involved in the conclusive presumption cases, although not fundamental, have been recognized as important. *See Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); *Bell v. Burson*, 402

U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). *But see Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The State of Mississippi apparently conclusively presumes that any child who changes residence to live with a parent without legal custody is necessarily "school shopping." In light of this doctrine, the operation of the regulation at issue poses a substantial federal question which, appropriately, might have been examined by the district court.

### Mootness

■ Having concluded that jurisdiction existed, we must examine whether a viable justiciable controversy remains before us. We consider this examination mandatory. *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). When this case was presented for oral argument, the one-year suspension of eligibility had expired and John, then a senior, was eligible for varsity sports. In the normal course of events, it is reasonable to conclude that John has now graduated from high school.

The instant case was filed on behalf of John, seeking relief for John alone; it is not a class action suit. *See Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Under *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974), the case is moot unless it falls under the saving exception. In *DeFunis* the Court considered a claim relating to *entry* into law school by DeFunis who, at time of oral argument, was in his final semester of law school. The Court stated:

The starting point for analysis [of the mootness issue] is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.' *North Carolina v. Rice*, 404 U.S. 244 [92 S.Ct. 402, 30 L.Ed.2d 413] (1971). The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.' *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 [84 S.Ct. 391, 394 n.3, 11

L.Ed.2d 347] (1964); see also *Powell v. McCormack*, 395 U.S. 486, 496 n.7 [89 S.Ct. 1944, 1950 n.7, 23 L.Ed.2d 491] (1969); *Sibron v. New York*, 392 U.S. 40, 50 n.8 [88 S.Ct. 1889, 1896 n.8, 20 L.Ed.2d 917] (1968).

416 U.S. at 316, 94 S.Ct. at 1705–06.

The only pertinent exception which might apply in the instant case is that noted in *DeFunis*:

It might also be suggested that this case presents a question that is "capable of repetition, yet evading review," *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 [31 S.Ct. 279, 283, 55 L.Ed.2d 310] (1911); *Roe v. Wade*, 410 U.S. 113, 125 [93 S.Ct. 705, 713, 35 L.Ed.2d 147] (1973), and is thus amenable to federal adjudication even though it might otherwise be considered moot.

416 U.S. at 318–19, 94 S.Ct. at 1706–07.

The "capable of repetition, yet evading review" exception articulated in *Southern Pacific Terminal* has been construed to require that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152, 157 (5th Cir. 1980), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981) (*citing Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)). Clearly the first prong of this test has been met—this litigation was initiated in March of 1980 and is only now reaching appellate decision. The one year period of ineligibility has, in the meantime, elapsed. However, the second requirement is found wanting.

Although at oral argument, counsel for appellant argued that John's father has other minor children who might suffer the same injury, Mr. Laurenzo is, in fact, not the real party at interest under Rule 17, Fed.R.Civ.P., and this action was not brought and entertained as a class action. It is unreasonable to expect that John, the only complainant before the court, will ever be subjected to the same action again.

We recognize that our colleagues of the Second Circuit have taken a somewhat different view of mootness in a similar situation. *Trachtman v. Anker*, 563 F.2d 512 (2d Cir. 1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). However, as we understand the holding of the majority opinion in *DeFunis*, and the precedent of this court as recently expressed in *Walsh*, the issue presented by this appeal is moot and the appeal must be dismissed. *North Carolina v. Rice.*

APPEAL DISMISSED.