Mark David NILES, Plaintiff-Appellant,

v.

The UNIVERSITY INTERSCHOLASTIC LEAGUE and The District III–17AAAAA Executive Committee, Defendants-Appellees.

No. 83–2102

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1983.

Hofheniz, Harpold, McDonald & Fitzgerald, Lew W. Harpold, Anthony D. Sheppard, Houston, Tex., for plaintiff-appellant.

Robert W. Gauss, Asst. Atty. Gen., Margaret A. Cooper, Lucius D. Bunton, Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, and RUBIN and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

## I.

The plaintiff Mark David Niles was, in 1981, a student at Stratford Senior High School in the Springbranch, Texas, Independent School District. As a student, Niles participated in various activities, including intervarsity high school football and track. In the fall of 1981 Niles's mother, who had divorced in 1971 and who had been awarded custody of Niles, remarried and moved to California. Niles remained in Texas for the remainder of the fall academic term, however, and played varsity football. In late December 1981, Niles moved to California where he lived with his mother during the spring academic term. In early August 1982, Niles returned to Stratford Senior

High School and participated in the football program. During fall 1982, Niles resided with Mr. Les Mattinson, who had been given legal guardianship by Niles's mother.

In November 1982, the Executive Committee of the University Interscholastic League declared Niles ineligible to participate in UIL interscholastic programs pursuant to Article 8 of the UIL constitution which, in essence, requires that a student be a resident of the school district for at least one year prior to participating in interscholastic events. In addition, UIL required Stratford Senior High School to forfeit all of the games in which Niles had participated up until that point. Niles initially obtained a temporary restraining order from the 270th District Court of Harris County, Texas, allowing him to participate in the final regular season football game and overruling the forfeiture of the previous games in which he had played. The following week, on November 11, 1982, Niles took a non-suit in the state court proceeding and that same day sought and received a temporary restraining order from Judge Cire of the United States District Court for the Southern District of Texas. One week later, after a hearing, the court granted Niles's motion for a preliminary injunction, which subsequently was dissolved upon a mutual motion by the parties.

The district court, Judge O'Conor, subsequently granted UIL's Motion to Dismiss the plaintiff's complaint, finding that it lacked subject matter jurisdiction. The court in a written opinion found that the constitution of the UIL does not violate the Due Process Clause in that the UIL constitution promotes legitimate state objectives of equalizing competition among participating schools. Further, the district court found that participation in high school football is not of sufficient interest under the Due Process Clause such that enforcement of Article 8 would impermissibly impinge upon a constitutionally protected right. The court found that Niles's fundamental right to travel was only incidentally infringed upon by the UIL rules and that the imposition of the rules did not impermissibly burden the right to travel.

In filing his timely notice of appeal, Niles reiterates that the rules and constitution of the UIL, which are designed to prevent "school shopping," create a conclusive presumption regarding his intention of returning to Texas after having lived with his mother and have thereby denied him his rights under the Due Process Clause of the fourteenth amendment and the Texas state constitution by not affording him reasonable notice, hearing and an opportunity for a trial and appeal when his freedom to travel and right to earn a living were involved. Niles has further alleged that UIL's rules denied him his rights under the Equal Protection Clause of the fourteenth amendment by creating an invidious classification between students residing with their parents and those residing apart from their parents. Additionally, Niles alleges that the UIL rules impinge upon his right of family privacy, his right to have a guardian appointed, his right to visit his mother, and his right to travel.

## II.

We start with the proposition that an allegation of improper denial by a state body of a student's right to participate in interscholastic athletics fails to raise a substantial federal question. *Mitchell v. Louisiana High School Athletic Assn.,* 430 F.2d 1155, 1157–58 (5th Cir.1970). On the other hand, as stated, the plaintiff has alleged deprivation of various constitutionally protected rights, including the right to travel and freedom of family association. Unless it is determined that these asserted rights have been forwarded solely for the purpose of obtaining jurisdiction or are wholly insubstantial and frivolous, or unless we determine that such asserted rights are clearly immaterial to the case before us, then the district court cannot properly dismiss for lack of subject matter jurisdiction. *See Laurenzo v. Mississippi High School Activities Assn.,* 662 F.2d 1117, 1119–20 (5th Cir. 1981); *Walsh v. Louisiana High School Athletic Assn.,* 616 F.2d 152, 156–57 (5th Cir. 1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981). Viewing the pleadings in this light, we find that the

lower court erred in determining that it lacked subject matter jurisdiction over the plaintiff's claims. We cannot say that the asserted denials of freedom of travel and freedom of familial choice are immaterial, since they are central to the plaintiff's case, nor are such assertions patently insubstantial or frivolous. In weighing the asserted rights against the state's legitimate aims in regulating interscholastic athletic activities, however, we find that the plaintiff did fail to state a claim upon which relief could be granted and therefore the action of the lower court in dismissing this case was, in the final analysis, correct.

*Walsh* is the primary authority on point in this circuit. In *Walsh,* the plaintiff Lutheran parents had brought an action on their own behalf and on behalf of their minor children growing out of the policy of the Louisiana High School Athletic Association which required a one-year residency within a high school zone in order for a child to participate in interscholastic athletic competition. None of the Lutheran elementary schools in New Orleans was located in the same district as the Lutheran high school, and therefore when a child was promoted from one of the Lutheran elementary schools to the Lutheran high school, he or she, by force of the Association's rules, had to sit out of interscholastic competition for one year. The plaintiffs alleged that the force of the rule was to deny the plaintiffs their free exercise of religion.

██ Noting that subject matter jurisdiction did exist, the court determined that the impingement of the rule upon the free exercise of religion was *de minimis.*

It cannot be denied that, by imposing a cost on a parent's decision to enroll his children in Lutheran High School upon graduation from any of the seven Lutheran elementary schools in the metropolitan New Orleans area, the transfer rule places an indirect and incidental burden on the free exercise of the religious beliefs of these parents. The decisive issue is whether this indirect burden is an impermissible price to exact from these parents for the free exercise of their religious beliefs. We believe it is not.

The encroachment of the transfer rule on the free exercise of religion is both limited in scope and insignificant in magnitude. The transfer rule does not deny these parents or their children the right to actively practice the Lutheran faith. Similarly, it neither prohibits a parent from enrolling his child in Lutheran High School nor interferes with the ability of such a child to obtain the religious education provided by that school. The rule merely prevents a child from participating in interscholastic athletic competition during his ninth-grade year.

616 F.2d at 158.[1]

██ In its order entered in this case dismissing the plaintiff's complaint, the district court found that the plaintiff's "fundamental right to travel freely is only incidentally infringed upon by these rules and [their] application does not constitute an impermissible burden upon such right," citing *Walsh.* That method of analysis is controlling in this circuit, and we find it applicable to the other asserted rights involved here. The plaintiff has not alleged that he could not travel to California to live with

---

1. *Laurenzo, supra,* involved essentially the same fact situation as the instant case, that is, the son of a recently divorced mother moved from his mother's home in Memphis, Tennessee, to live with his father in the former family home in Oxford, Mississippi. The pertinent Mississippi High School Activities Association rules precluded his participation in interscholastic high school sports because of a one-year residency requirement. Suit was brought asserting violation of the child's right to travel and his right to privacy, and asserting equal protection violations.

The district court dismissed for lack of subject matter jurisdiction. On appeal, we held that, under *Walsh,* the federal question which had been presented was not insubstantial and that the district court had subject matter jurisdiction. Because the case was moot, however, the appeal was dismissed.

We note here that, as in *Laurenzo,* Niles has graduated from high school, and mootness has been urged. Unlike the plaintiffs in *Laurenzo,* however, Niles has sought money damages. This case is therefore not moot. *Gulf Publishing Co. v. Lee,* 679 F.2d 44, 46 n. 2 (5th Cir. 1982).

his mother should he desire to, nor has he alleged any proscription upon his ability to live with his guardian in Houston. Only the most incidental implication of the constitutionally protected rights are, or can be, asserted by the plaintiff here. Granted, the plaintiff could not travel back and forth between California and Texas *and* continue to take part in varsity interscholastic sports; as stated, however, no constitutional right exists to participate in interscholastic sports. Just as in *Walsh,* we hold the encroachment of the transfer rule on the right to travel and upon the freedom of family associations to be "both limited in scope and insignificant in magnitude." 616 F.2d at 158. The lower court determined correctly that the state's objective here was a legitimate one and was rationally related to the goal of equalizing competition among competing schools in the UIL. Viewed thus, we find that the lower court correctly dismissed the plaintiff's claims.

 The plaintiff urges additionally that the UIL rules create numerous invidious distinctions, essentially between school-age children who reside with their parents and those who reside apart from their parents. A similar argument was forwarded in *Walsh.* We held there that, under *Parham v. Hughes,* 441 U.S. 347, 350–53, 99 S.Ct. 1742, 1745–46, 60 L.Ed.2d 269 (1979), and other authorities, "[w]here ... the classification created by the regulatory scheme neither trammels fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally related to a legitimate state interest." 616 F.2d at 160. As the court below correctly determined, the UIL rules promote the state's legitimate interest in equalizing competition. No equal protection violation is created thereby.

█ As to the substantive due process claim asserted by the plaintiff, *Walsh* addresses this issue as well. In *Walsh,* this court held that while the Due Process Clause applies to fundamental rights giving rise to a " 'legitimate claim of entitlement,' " the Due Process Clause does not protect lesser interests or " 'mere expectations.' " *Walsh,* 616 F.2d at 159, quoting

*Memphis Light, Gas & Water Division v. Kraft,* 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978). A student's interest in participating in interscholastic athletics falls "outside the protection of due process." *Mitchell,* 430 F.2d at 1158.

To repeat, the district court dismissed this case on the grounds that it lacked subject matter jurisdiction. We find that subject matter jurisdiction did exist, according to well established precedent of this court, but find further that the claims were properly dismissed as failing to state a claim upon which relief could be granted. Forthrightly stated, the gravamen of the complaint here is the denial of the right to participate in interscholastic sports, not the rights to interstate travel, to earn a living or to live with or apart from one's family. These protected rights are unimpaired by the rule in question. Indeed, in cases such as this and *Walsh,* it would appear that such rights will rarely, if ever, be implicated so seriously as to state a claim upon which relief can be granted.

The district court's dismissal of this case is therefore

AFFIRMED.