Billy Ralph **HARDY** and Kathryn Jeane **Hardy,** Individually and as Next Friend of **Charles Wayne Hardy,** a Minor, Plaintiffs-Appellants,

v.

The **UNIVERSITY INTERSCHOLASTIC LEAGUE,** et al., Defendants-Appellees.

No. 84–1802
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 10, 1985.

James A. Childress, William T. Hall, Austin, Tex:, for plaintiffs-appellants,

Bunton, Nolan, Ode, Lucius D. Bunton, Margaret A. Cooper, John L. Darrouzet, Austin, Tex., for defendants-appellees.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

After 17-year-old Charles Wayne Hardy moved from Early, Texas to San Saba, Texas, the University Interscholastic League ruled him ineligible for high school football. Hardy and his parents filed a suit in state court against UIL, its members and two of its subcommittees, and the Early school superintendent, asserting violations of both Texas law and the United States Constitution. The defendants removed to federal court and moved for judgment on the pleadings. The district court granted the motion and dismissed the entire complaint with prejudice. We affirm the dismissal of the federal claims, but because the complaint contains state-law claims never argued to the district court, we hold that the district court should have remanded those claims to state court.

## I

On June 26, 1984, the Hardys filed an Original Petition for Injunction in the district court of San Saba County, Texas. The complaint alleges that Charles Hardy lived with his father in Early from 1981 until April of 1984, when the two moved to the Hardy family farm in San Saba. Under UIL rules, Charles could not play football for San Saba High School during 1984–85 unless he obtained a Previous Athletic Participation Form signed by the Early superintendent and football coach, or unless the Executive Committee of District XIII AA (composed of one representative from each district high school) voted to allow him to play. The Early coach and superintendent refused to sign the participation form, and the district committee ruled Charles ineligible.

The complaint accuses the defendants of conspiring to keep Charles from participating in sports in retribution for the Hardys' opposition to unspecified "harsh and oppressive action" taken against Charles and other Early students by the Early superintendent and school administration. In addition, it alleges that the district committee met without notice, in violation of the Texas Open Meeting Act, and allowed improper school representatives to vote, in contravention of the UIL constitution. The complaint further recites that the committee ruling was "erroneous, arbitrary and capricious, and without factual basis." Finally, without elaboration, the complaint asserts a deprivation of a "constitutionally protected interest" in violation of the due process and equal protection clauses of the United States and Texas Constitutions.

The defendants removed to federal court, answered, and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Their brief in support of this motion argued only that the due process and equal protection claims lacked merit. The district court, without opinion, granted the motion and dismissed the entire complaint with prejudice.

## II

■ The district court correctly entered judgment on the pleadings on the Hardys' constitutional claims. Participation in interscholastic athletics is not an "interest" protected by the Due Process Clause.

*Niles v. University Interscholastic League,* 715 F.2d 1027, 1031 (5th Cir.1983). Nor do the UIL's rules for classifying athletes as eligible or noneligible violate the Equal Protection Clause. *Id.* The allegation of arbitrary and capricious action also adds nothing in the absence of a protectible property or liberty interest. Whatever the role of the elusive idea of substantive due process, it is not applicable here. As Justice Stevens, then Judge, put it:

> The Fourteenth Amendment prevents the state from depriving any person of liberty or property without due process of law. As Roth squarely holds, the right to procedural due process is applicable only to state action which impairs a person's interest in either liberty or property. Certainly the constitutional right to "substantive" due process is no greater than the right to procedural due process. Accordingly, the absence of any claim by the plaintiff that an interest in liberty or property has been impaired is a fatal defect in her substantive due process argument.

*Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 4 (7th Cir. 1974).

We repeat: we are not super referees over high school athletic programs. Questions about eligibility for competition may loom large in the eyes of youths, and even their parents. We do not disparage their interest in concluding, as here, that these issues are not of constitutional magnitude. Behind this observation rest important values of federalism and the reality that the mighty force of the constitutional commands ought not to be so trivialized. We pause to say this, not to succumb to rhetorical flourish but to remind.

While we are chary of Rule 12 dismissals in the face of notice pleadings, given the generous standard for the measure of whether a claim has been stated, there was no set of facts that could have been proved under these pleadings to support a finding that the defendants deprived the Hardys of any constitutional right. Judgment under Rule 12(c) was therefore proper. *See*

*George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### III

■ The Hardys do not emphasize their constitutional claims on appeal. Rather, their main point is that the district court should not have dismissed their state-law claims with prejudice. We agree. In *Till v. Unifirst Federal Savings and Loan Ass'n,* 653 F.2d 152 (5th Cir.1981), the plaintiffs had sued in state court, alleging both state-law fraud and negligence claims and a private right of action under the National Flood Insurance Program, 42 U.S.C. §§ 4012a(b), 4104a. The defendants removed. The district court granted summary judgment for defendants on the federal claims, and then dismissed the entire complaint, finding the state-law claims dependent on the existence of a federal right. This court affirmed the dismissal of the federal claims, but held that the validity of the state-law claims was a matter of state law best determinable by the state courts. 653 F.2d at 161. Stating that because the "case was originally filed in state court, it would be unreasonable to dismiss without prejudice and require appellants to file anew in state court," we ordered the state-law claims remanded to state court. *Id.* at 162; *accord, Fox v. Custis,* 712 F.2d 84, 89–90 & n. 4 (4th Cir.1983); *Hofbauer v. Northwestern National Bank,* 700 F.2d 1197, 1201 (8th Cir.1983); *Sanna v. Friendly Service Stations, Inc.,* 593 F.Supp. 493, 500 (D.Conn.1983). Remand is particularly appropriate here because the state-law claims were never argued to the district court.

We affirm the dismissal of plaintiffs' federal claims, vacate the dismissal of their state-law claims, and remand with instructions to remand the matter to the Texas state court.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.