**Todd MARONEY, Plaintiff-Appellee,**

v.

**UNIVERSITY INTERSCHOLASTIC LEAGUE, Defendant-Appellant.**

No. 84–1790
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 1, 1985.

---

Bunton, Nolan, Ode' & Cooper, Lucius D. Bunton, Austin, Tex., for defendant-appellant.

J. Malcolm Robinson, Austin, Tex., for plaintiff-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

PER CURIAM:

We are again confronted with a high school sportsman's civil rights [1] challenge to the authority of the University Interscholastic League (UIL) to determine his eligibility. Originally filed in state court, Todd Maroney's challenge of the UIL's "Five-Year Rule," [2] on state and federal constitutional grounds, was removed to federal court by the UIL. Because Maroney's action did not raise a substantial federal claim, we hold that removal jurisdiction never attached in the district court.

## I.

Maroney, an eighteen-year-old student at Westlake High School in Austin, Texas, sought to play varsity football for the Westlake team but was declared ineligible under the Five Year Rule. He then filed this action for injunctive relief and attorney's fees in state court, asserting that the rule was impermissibly vague under the Fourteenth Amendment to the United States Constitution and that it violated his rights under the Texas Constitution. The UIL removed the action and filed what it

---

1. *See* 42 U.S.C. § 1983.

2. The "Five-Year Rule" provides that students may participate in UIL regulated activities for only five years after their first enrollment in the eighth grade.

termed a "counterclaim" for attorney's fees under 42 U.S.C. § 1988, asserting that Maroney's federal claim was frivolous.

Maroney then moved for leave to dismiss his federal claim under Fed.R.Civ.P. 41(a)[3] and asked the district court to remand his state claims to state court. Maroney noted that he had filed a similar action in state court pressing only state law claims. The district court held a hearing on the motion and on the UIL's "counterclaim." Relying on Rule 41(a)(2), *see supra* note 3, the UIL opposed dismissal of the federal claim on the ground that it had filed a "counterclaim" and on the ground that the court had not afforded it adequate time to respond to Maroney's motion. After the hearing the court granted Maroney's motion to dismiss, denied the UIL's request for attorney's fees and remanded the state claims to state court.

On appeal, the UIL challenges the district court's ruling on the Rule 41(a) motion and its denial of attorney's fees. However, we need not reach these issues since the district court lacked subject matter jurisdiction over the action.

## II.

It has long been recognized that under 28 U.S.C. § 1441(b),[4] removal jurisdiction based on a federal question attaches in the district court only if the court could have exercised original jurisdiction over the action under 28 U.S.C. § 1331.[5] *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3722 at 254–55 & n. 36 (1985) [hereinafter cited as Wright] and cases cited therein. Jurisdiction purporting to be premised on the presence of a federal question attaches only if the complaint itself states a substantial federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974). Thus, we must dismiss for want of jurisdiction if the federal claim presented is frivolous or is foreclosed by prior authoritative decisions. *Id.; Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341–42 (5th Cir.1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *see also Clarke v. Redeker*, 406 F.2d 883, 885 (8th Cir.), *cert. denied*, 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 115 (1969) (prior decision of three-judge district court, in case by student involving same claim, foreclosed issue). The test refers to the legal substance of the plaintiff's claim, not to the value of the interests implicated. *Garvin*

---

**3.** Rule 41(a) provides, in part, as follows:
(a) Voluntary Dismissal: Effect Thereof.
(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.... (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court....

**4.** Section 1441 provides, in part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**5.** Section 1331, provides as follows:
The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

*v. Rosenau,* 455 F.2d 233, 240 (6th Cir. 1972); 13B Wright, Miller & Cooper § 3564 at 66–67 & n. 4 (1980).

While we recognize that dismissal on jurisdictional grounds for want of substantiality should be applied hesitantly, *Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)), we hold that Maroney's Fourteenth Amendment claim is insubstantial. We have held before that a Fourteenth Amendment attack on a state board's rulings concerning eligibility for high school athletics does not raise a substantial federal question. *Mitchell v. Louisiana High School Athletic Association,* 430 F.2d 1155, 1157 (5th Cir.1970) (attack on "Eight Semester Rule," similar in nature to "Five Year Rule" here). In *Hardy v. University Interscholastic League,* 759 F.2d 1233, 1234–35 (5th Cir.1985), we affirmed a district court's dismissal of a Fourteenth Amendment attack on an eligibility ruling under Fed.R.Civ.P. 12(c). We held there that "[p]articipation in interscholastic athletics is not an 'interest' protected by the Due Process Clause." *Id.* (citing *Niles v. University Interscholastic League,* 715 F.2d 1027, 1031 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1984)).

In *Niles,* we upheld the dismissal of a complaint seeking relief from an athletics eligibility ruling. 715 F.2d at 1031. While in *Niles* we held that a substantial federal question was presented, that holding was based on "asserted denials of freedom of travel and freedom of familial choice." *Id.* at 1030. No similar interests are invoked by Maroney. In *Niles* we went on to hold that "[a] student's interest in participating in interscholastic athletics falls 'outside the protection of due process.'" *Id.* at 1031

(quoting *Mitchell,* 430 F.2d at 1158). Thus, it cannot now be doubted that the trio of *Mitchell, Niles,* and *Hardy* completely forecloses Maroney's Fourteenth Amendment claim.[6] We therefore hold that that claim "has no plausible foundation" in law and is therefore insubstantial. *Williamson v. Tucker,* 645 F.2d at 416 (quoting *Bell v. Health-Mor, Inc.,* 549 F.2d 342, 344 (5th Cir.1977)).

The district court was correct in remanding the state claims. *See Hardy,* at 1235.

The district court's dismissal of the federal claims is AFFIRMED as is its remand of the state claims.

---

6. It will be noted that Maroney's is a vagueness challenge. However, the vagueness doctrine is founded solely on the requirement of due process. *Hoffman Estates v. Flipside Hoffman Estates,* 455 U.S. 489, 497, 498–99, 102 S.Ct. 1186, 1192, 1193 (1982); *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Diebold, Inc. v. Marshall,* 585 F.2d 1327, 1335 (6th Cir.1978). It follows that the vagueness doctrine may not be applied unless the challenged rule affects interests protected by the due process clause, a result completely foreclosed in this case by *Mitchell, Niles,* and *Hardy.*