967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter RUSKIN, By his Guardian Ad Litem, Donald RUSKIN,
Plaintiff-Appellant,
v.
CALIFORNIA INTERSCHOLASTIC FEDERATION, SOUTHERN-SECTION,
Defendant-Appellee.
 No. 91-55351.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Appeal from the United States District Court for the Central District of California; No. CV-89-0807-GLT, Gary L. Taylor, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Ruskin, by his guardian ad litem, Donald Ruskin, appeals the district court's summary judgment in favor of the defendant, California Interscholastic Federation in Ruskin's action brought under 42 U.S.C. §§ 1983 and 1985. We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ruskin was a member of the football team at Huntington High School. The California Interscholatic Federation forfeited all games and deemed the team ineligible to participate in Federation playoffs because the high school allegedly used an ineligible member. Ruskin filed a complaint under section 1983 and 1985 in which he alleged that as a consequence of the defendant's actions, Ruskin was deprived of the right to play football in the Sunset League playoffs for the Sunset League Championship, thereby diminishing Ruskin's chances for an athletic scholarship.
 
 
 4
 A motion for summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 The district court properly granted summary judgment in favor of the defendant because Ruskin's claims are not cognizable under section 1983, and because the allegations in Ruskin's complaint do not raise a federal question. See Rutldege v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981) (a claim cognizable under section 1983 requires a deprivation of a right, privilege or immunity secured by the " 'Constitution and Laws' "); accord Laurenzo v. Mississippi High Sch. Activities Ass'n, 662 F.2d 1117, 1119 (5th Cir.1981) (an action arising solely from state interference with student participation in sports fails to raise a substantial federal question). Accordingly, we affirm. See List, 880 F.2d at 1044.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ruskin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3