FILED
United States Court of Appeals
Tenth Circuit

March 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK C. HAIK,

        Plaintiff - Appellant,

v.

SALT LAKE COUNTY BOARD OF
HEALTH,

        Defendant - Appellee.

No. 14-4074
(D.C. No. 2:13-CV-01051-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Mark C. Haik brought this action in state court, alleging that the Salt Lake

County Board of Health (Board) violated his state and federal due process rights.

The Board removed the case to federal court and moved to dismiss under Federal

Rule of Civil Procedure 12(b)(6), arguing that Mr. Haik's claims were barred by the

doctrine of issue preclusion because he had twice previously litigated the underlying

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dispute. Mr. Haik moved to remand to state court, claiming his complaint raised issues primarily of state law, but the district court denied his motion and summarily dismissed the case.

We now reverse. We conclude that Mr. Haik's complaint fails to present a substantial question of federal law because his claims are devoid of merit and the dispositive issue has been previously decided by this court. We therefore vacate the district court's dismissal on the merits and remand with instructions to remand this case to the state court for lack of federal subject-matter jurisdiction.

I

Mr. Haik has had a long running water dispute with Salt Lake City, Utah (SLC) and the Town of Alta, Utah. In 1994, Mr. Haik and Raymond A. Haik purchased four lots in a subdivision above the Alta and Snowbird ski resorts. The Haiks sought to develop the property, but Alta denied them building permits because the appurtenant water rights were insufficient to meet the Board's requirements of access to 400 gallons of water per day. Mr. Haik sought to have water service extended to the property, but under the terms of an intergovernmental water-supply agreement, Alta could not extend service without the consent of SLC, and SLC declined consent. Consequently, Mr. Haik has been unable to develop his property.

The dispute has twice come before this court. The Haiks' first action, which was filed in state court in 1997, alleged (among other claims not relevant here) that Alta had taken and damaged the property by refusing to extend municipal services

- 2 -

and denying them a building permit in violation of the Utah Constitution, Article I, Section 22. *See Haik v. Town of Alta*, 1999 WL 190717, at *1 (10th Cir. 1999) (unpublished) ("*Haik I*"). After Alta and SLC removed the case to federal court, the district court granted their motion for summary judgment. *Id.* at *1-2 & n.1. We affirmed, ruling that under the Utah Constitution, the Haiks could not "maintain a taking claim because they did not have a protectable interest in property that was taken or damaged by Alta's denial of a building permit. Alta's denial of a building permit was based on the health department requirement of 400 gallons of water per day per unit, which the Haiks did not meet." *Id.* at *7.

In 2012, the Haiks initiated a second suit in federal court based on new factual allegations that the State Engineer had approved SLC's provision of water to the subdivision where the Haiks' property was located. *See Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 625-26 (10th Cir. 2014) ("*Haik II*"). In addition to other claims, the Haiks brought substantive and procedural due process claims against SLC. *Id.* at 626. The district court dismissed those claims, "believ[ing] that nothing of significance had changed since *Haik I* and that the majority of the Haiks' claims had already been decided." *Id.* Again we affirmed, explaining that the due process claims were barred by the doctrine of issue preclusion because the determinative issue—"whether the denial of the development permits deprived [the Haiks] of a protected property interest"—was already resolved against them in the context of their taking claim in *Haik I*. *Id.* at 628-29. We acknowledged that the issue arose

- 3 -

within the context of different claims against different parties: the taking claim alleged that Alta deprived them of the asserted interest by denying the building permits, while the due process claims alleged that SLC deprived them of the interest by interfering with the permitting process. *Id.* at 628. But we explained that "[t]he very same question remains: Do the Haiks have any protected interest in the building permits, or, to put a finer point on it, in the water on which those permits depend? We said 'no' before and are not inclined to give the Haiks a second opportunity to litigate this issue." *Id.* at 628-29.

Now in this third action, which was originally filed in state court, Mr. Haik repeats his allegation from *Haik II* that he reapplied for the necessary building and septic permits based on the State Engineer's approval of a diversion to the subdivision where his property is located. Aplt. App. at 16. He also alleged that the Utah Supreme Court adjudicated other water rights in his favor. *See Haik v. Sandy City*, 254 P.3d 171, 174, 180 (Utah 2011) (quieting title to a water right appurtenant to an adjacent lot in Mr. Haik and others). Additionally, Mr. Haik alleged that after conferring and meeting with the Salt Lake Valley Health Department, his applications for building permits were denied. Aplt. App. at 17, 25-26. As a result, he requested a hearing, which was scheduled before hearing officer Langdon Owen. *Id.* at 26-29. Mr. Haik sought to disqualify Owen due to an alleged conflict involving Owen's law partner, but Owen declined to recuse and ultimately ruled against Mr. Haik. *Id.* at 29, 45. This prompted Mr. Haik to seek further review by the

- 4 -

Board, which granted him ten minutes of oral argument but refused to accept any new evidence. *Id.* at 48. Mr. Haik objected, claiming he was entitled to a "plenary hearing by the Board as provided by Utah Code § 26A-1-121," *id.*, but the Board denied plenary review in the exercise of its discretion and affirmed Owen's adverse decision, *id.* at 50.

Based on these allegations, Mr. Haik's first claim, entitled, "Error of Law and Denial of Due Process," alleged violations of his due process rights under the Utah Constitution and the Fourteenth Amendment based on the denial of a "plenary hearing as authorized by Utah Code § 26A-1-121(2)(a)." *Id.* at 52.[1] His second claim, entitled, "Disqualified Hearing Officer," alleged that Owen should have been disqualified and the Board's failure to provide a qualified hearing officer violated his due process rights under the Utah Constitution and the Fourteenth Amendment. *Id.* at 53-54. Last, Mr. Haik's third claim, entitled, "Arbitrary and Capricious and Contrary to Law," *id.* at 55, alleged that the Board acted arbitrarily and capriciously and contrary to the law by adopting Owen's decision and denying Mr. Haik "an evidentiary hearing and meaningful opportunity to be heard," *id.* at 58.

---

[1] Utah Code Ann. § 26A-1-121(2)(a) states:

A person aggrieved by an action or inaction of the local health department relating to the public health shall have an opportunity for a hearing with the local health officer or a designated representative of the local health department. The board shall grant a subsequent hearing to the person upon the person's written request.

The district court summarily dismissed these claims on the merits, ruling that Mr. Haik's claims failed "[f]or substantially the same reasons stated by" the courts that had previously considered this water dispute. *Id.* at 191. On appeal, Mr. Haik maintains that the district court lacked jurisdiction to dismiss his claims because his complaint raises issues primarily of state law. Thus, he contends that removal was improper and this case should be remanded to state court. We review the propriety of removal de novo, *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006), and agree that removal was improper, though not because Mr. Haik's construction of the complaint as primarily one of state law is persuasive, but because his federal claims are completely devoid of merit and foreclosed by our prior decisions.

II

"A case originally filed in state court may be removed to federal court if, but only if, federal subject-matter jurisdiction would exist over the claim." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted). To invoke subject-matter jurisdiction, a well-pleaded complaint must present a *substantial* federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536-38 (1974). Federal courts lack subject-matter jurisdiction "when the claim is so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted); *see Harline v. DEA*, 148 F.3d 1199, 1203 (10th Cir. 1998) ("A constitutional claim in this context is not colorable if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." (ellipsis and internal quotation marks omitted)); *accord Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405 (5th Cir. 1985) ("Jurisdiction purporting to be premised on the presence of a federal question attaches only if the complaint itself states a substantial federal claim. Thus, we must dismiss for want of jurisdiction if the federal claim presented is frivolous or is foreclosed by prior authoritative decisions." (citations omitted)).

Contrary to Mr. Haik's characterizations, his complaint plainly seeks to raise issues of federal law. Removal was nevertheless improper, however, because none of his claims present a *substantial* question of federal law. Indeed, his claims all purport to challenge the Board's alleged deprivations of due process in denying his applications for building permits and water service. But this court has twice already affirmed district court rulings that Mr. Haik does not have a protected property interest in those permits so as to support his due process claims. *See Haik II*, 567 F. App'x at 628-29; *Haik I*, 1999 WL 190717, at *7. The district court clearly recognized this because it summarily dismissed the claims "[f]or substantially the same reasons stated by" the courts that had previously considered Mr. Haik's actions.

Aplt. App. at 191. Yet because the claims were so facially insubstantial as to preclude federal question jurisdiction, in light of the prior decisions of this court, the district court lacked subject-matter jurisdiction to render a merits dismissal under Rule 12(b)(6). *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167-68 (10th Cir. 2012) (discussing the different standards that apply to a dismissal for lack of subject matter jurisdiction and a dismissal for failure to state a claim, which operates as a judgment on the merits).[2] Consequently, we vacate the district court's dismissal and remand with instructions to remand this case to state court for lack of federal subject-matter jurisdiction. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247-48 (10th Cir. 2005) ("When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court." (citing 28 U.S.C. § 1447(c))).

III

The judgment of the district court is reversed and its dismissal is vacated. This case is remanded to the district court with instructions to remand to the state court for

---

[2]     Of course, "'[j]urisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.'" *Pruitt*, 669 F.3d at 1167 (ellipses omitted) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946). But as the Court reiterated in *Steel Company*, there are exceptions when "the claim 'clearly appears to be immaterial . . . or . . . wholly insubstantial and frivolous.'" 523 U.S. at 89 (quoting *Bell*, 327 U.S. at 682-83). Mr. Haik's complaint falls within the scope of these exceptions.

lack of federal subject-matter jurisdiction.  Mr. Haik's motion to certify questions of state law to the Utah Supreme Court is denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge