# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2019

Lyle W. Cayce
Clerk

SUSAN SISSOM,

Plaintiff-Appellant

v.

COUNTRYWIDE HOME LOANS, INCORPORATED, doing business as
America's Wholesale Lender; BANK OF NEW YORK MELLON, as Trustee
for the Certificateholders CWALT, Inc., Series-18CB, formerly known as
Bank of New York; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-449

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Susan Sissom filed a complaint in state court against defendants, seeking to prevent the foreclosure of her home. After removing the action to federal court, defendants obtained a favorable judgment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50343

In this *pro se* appeal, Sissom challenges only the district court's exercise of jurisdiction. She does not challenge its granting defendants' motion for judgment on the pleadings, or denying her motion to amend her complaint. Although *pro se* briefs are afforded liberal construction, *pro se* litigants must brief contentions to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Therefore, Sissom abandoned any contentions related to those decisions. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Whether the district court had jurisdiction to allow the removal of an action is reviewed *de novo*. *E.g.*, *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 489 (5th Cir. 2002). "A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* at 490 (citation omitted). Federal-question jurisdiction "attaches only if the complaint itself states a substantial federal claim". *Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405 (5th Cir. 1985) (citation omitted).

Because a federal question appeared on the face of Sissom's complaint, removal was proper. *See MSOF Corp.*, 295 F.3d at 490. That defendants had a defense to the federal question, that it was time-barred, does not render the claim constitutionally insubstantial, *i.e.*, "wholly insubstantial", "essentially fictitious", or "obviously frivolous". *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal quotation marks and citations omitted). Therefore, the district court did not err by exercising removal jurisdiction. *See MSOF Corp.*, 295 F.3d at 490.

AFFIRMED.