# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

FREDERICK O. SILVER,

Plaintiff-Appellant,

v.

BEXAR COUNTY SHERIFF'S OFFICE; OFFICER MICHAEL R. GARCIA, San Antonio Police Department; Badge Number 0120; OFFICER J. ALVAREZ, San Antonio Police Department; Badge Number 2235; OFFICER J. DIAZ, San Antonio Police Department; Badge Number 3045; OFFICER C. ORTIZ, San Antonio Police Department; Badge Number 1732; OFFICER DICKERSON STEPHEN, San Antonio Police Department; Badge Number 0676; SAMUEL LYLES, Bexar County Criminal District Attorneys Office; JON DOE 1-5,

Defendants-Appellees.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-561

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Frederick Omoyuma Silver moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his motion to remand and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for sanctions against the defendants. Silver contends that the district court erred in not granting his motion to remand because he relied solely on state law for relief. He argues that the district court should have granted his motion for sanctions against the defendants for erroneously removing the case to federal court.

By moving to proceed IFP, Silver is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his original and amended complaints, Silver alleged violations of his rights under the U.S. Constitution. These implicate federal question jurisdiction. *See* 28 U.S.C. § 1331. The district court therefore did not err in denying Silver's motion to remand the case to state court. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405–06 (5th Cir. 1985). Silver's contrary position is frivolous. *See Howard*, 707 F.2d at 219–20.

Accordingly, Silver's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Silver is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.