# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2020

Lyle W. Cayce
Clerk

No. 19-60907
Summary Calendar

Jasmine Shepard,

*Plaintiff—Appellant*,

*versus*

Cleveland School District; Steven Craddock, in his
individual capacity; Doctor Jacqueline Thigpen, in her
individual and official capacity,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:17-CV-91

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Cleveland High School's 2016 graduating class had two valedictorians—Jasmine Shepard, who is black, and H.B., who is white. Unwilling to share the title of valedictorian, Shepard filed a Section 1983

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60907

complaint against Cleveland School District, Superintendent Jacqueline Thigpen (in her individual and official capacity), and Principal Steven Craddock (in his individual and official capacity), alleging equal protection and due process violations.  Her claims were premised on allegations that the school provided H.B. opportunities for online schooling that Shepard never received, thereby boosting H.B.'s "point" total used to assess class honors; the school gave H.B. more "points" for the courses she took than was allowed by the school district's policies and procedures; and the school district miscalculated Shepard's GPA by double-counting her grade in a particular course.  In a thorough and well-reasoned opinion, the district court granted summary judgment to the defendants.  We find no reversible error of fact or law in that decision.

Shepard contends that the district court's decision is nonetheless inadequate because it fails to address her due process claim.[1]  She ignores that the district court granted summary judgment to Thigpen and Craddock because they had insufficient involvement in the challenged decisions to make them liable under Section 1983.   That reasoning applies to any constitutional claims based on the same alleged conduct.   Regardless, Shepard's due process claim is meritless.

To assert a due process violation, Shepard must identify a life, liberty, or property interest protected by the Fourteenth Amendment before identifying the state action resulting in a deprivation of that interest.  *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991).  She fails to satisfy this standard.  Her briefing is woefully inadequate on this score.  More to the point, there is no constitutional right to being named sole valedictorian.

---

[1] On appeal, Shepard fails to challenge the district court's grant of summary judgment as to Cleveland School District.  Thus, the only remaining defendants are Thigpen and Craddock.

No. 19-60907

*Cf. Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 27 (5th Cir. 1997) ("[N]o protected property interest is implicated in a school's denial to offer a student a particular curriculum."); *Niles v. Univ. Interscholastic League*, 715 F.2d 1027, 1031 (5th Cir. 1983) (no property interest in participating in extracurricular activities). While students have a property interest in receiving a state-provided public education, *Goss v. Lopez*, 415 U.S. 565, 574, 95 S. Ct. 729, 736 (1975), there is no free-standing right to class honors. In order for such a right to exist, Shepard would have to present a legitimate claim of entitlement based not on her subjective beliefs or perceived needs but on "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). Cleveland High School's handbook explicitly contemplates the possibility of having multiple valedictorians. It is therefore beyond dispute that Shepard does not have a property interest in being named sole valedictorian.

The judgment of the district court is **AFFIRMED**.