# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2020

Lyle W. Cayce
Clerk

No. 19-50576
Summary Calendar

FREDERICK OMOYUMA SILVER,

*Plaintiff—Appellant*,

*versus*

BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE; SAN ANTONIO POLICE DEPARTMENT; BEXAR COUNTY SHERIFF'S OFFICE; CITY OF SAN ANTONIO; MICHAEL GARCIA, *San Antonio Police Officer*; OFFICER J. ALVAREZ; OFFICER J. DIAZ; C. ORTIZ, *Officer*; DICKERSON STEPHEN, *Officer*; SAMUEL LYLES; SHAWNTIA LAKIA SAUNDERS; GREGORY SAUNDERS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-337

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50576

Frederick Omoyuma Silver moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his motion to remand and for sanctions against the defendants and its dismissal of his case. Silver contends that the district court erred in denying his motion to remand to state court because there was no sufficient ground for removal. He argues that the district court should have granted his motion for sanctions against the defendants for erroneously removing the case to federal court.

By moving to proceed IFP, Silver is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Silver cited and relied upon the U.S. Constitution on numerous occasions in his complaint and, thus, made substantial federal claims that attached jurisdiction to the federal court. *See Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405-06 (5th Cir. 1985). The district court therefore did not err in denying Silver's motion to remand the case to state court. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Maroney,* 764 F.2d at 405-06. As Silver's appeal sets forth no issue of arguable merit, it is frivolous. *See Howard*, 707 F.2d at 219-20.

Accordingly, Silver's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Silver is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.