United States Court of Appeals,

Eleventh Circuit.

No. 94-2638.

Karen ADLER, individually, and as Next Friend of the Minor, Leslie Adler, and all others similarly situated, Laura Jaffa, individually and all others similarly situated, Robin Zion, individually and all others similarly situated, Robin Rand, individually and as Next Friend of the minor, Doug Rand, and all others, similarly situated, Plaintiffs-Appellants,

v.

DUVAL COUNTY SCHOOL BOARD, Larry Zenke, in his official capacity as Superintendent of the Duval County Public School District, Don Buckley, in his official capacity as member of the Duval County School Board, Stan Jordan, in his official capacity as member of the Duval County School Board, Nancy Corwin, in her official capacity as member of the Duval County School Board, et al., Defendants-Appellees,

Student Coalition for Free Speech, American Jewish Congress, Amici,

Sharon Green, as parent and next friend of Jennifer Green, minor child, and Joshua Green, minor child, Linda Muhlbauer, as parent and next friend of Mandy Muhlbauer, minor child, and Mark Muhlbauer, minor child, Linda Gaston, parent and next friend of Matthew Gaston, minor child, Rhonda Sellers, parent and next friend of Steven Sellers, minor child, et al., Intervenors-Defendants.

May 6, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-833-CIV-J-10), Wm. Terrell Hodges, Judge.

Before TJOFLAT and COX, Circuit Judges, and VINING[*], Senior District Judge.

TJOFLAT, Circuit Judge:

Appellants are four former high school students[1] in the Duval

---

[*]Honorable Robert L. Vining, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

[1]Two appellants, Leslie Adler and Doug Rand, were minors when the complaint was filed and brought their claims through their mothers, Karen Adler and Robin Rand. The complaint makes it clear that Karen Adler and Robin Rand are parties in name only

County, Florida, school system who brought this action under 42 U.S.C. § 1983 (1994), alleging that a Duval County school policy permitting student-initiated prayer at high school graduation ceremonies (the "policy") violated their rights under the First and Fourteenth Amendments.[2] They named as defendants the Duval County School Board, the Board's members in their official capacity, the Duval County School District, and Dalton Epting, the principal of Mandarin Senior High School ("Mandarin"), in his official capacity. These defendants are all appellees in the present appeal. The remaining appellees are a group of parents who intervened as defendants to assert their children's free exercise rights to have prayers at graduation.

## I.

Appellants Adler, Laura Jaffa, and Robin Zion filed a two-count complaint on June 2, 1993. Count one alleged that the policy constitutes an establishment of religion. Count two alleged that the policy infringes on the appellant's free exercise of religion. They asked for equitable relief in the form of a judgment declaring the policy unconstitutional and enjoining the School Board from permitting prayers at high school graduation ceremonies. They also sought money damages.

On June 7, 1993, appellants Adler, Jaffa, and Zion graduated

---

and it is the students whose interests are at stake. We therefore refer to the four students as the "appellants" and to Leslie Adler and Doug Rand as "Adler" and "Rand," respectively.

[2]The factual and procedural background of this case is set out more fully in the published memorandum opinion and order of the district court. *See Adler v. Duval County Sch. Bd.,* 851 F.Supp. 446 (M.D.Fla.1994).

from Mandarin, one of the schools in the Duval County system.  On June 10, 1993, they amended their complaint to include, *inter alia,* a request that the court certify their action as a class action. They amended their complaint a second time on November 1, 1993, to add appellant Rand, a student at another school in the Duval County system, as a plaintiff.[3]

The plaintiffs, defendants, and defendant-intervenors filed cross-motions for summary judgment on March 3, 1994.  On May 4, 1994, the district court denied the appellants' motion and granted the appellees' motions.  In its dispositive memorandum opinion and order, the court found the policy constitutional and entered final judgment for the appellees.  *Adler,* 851 F.Supp. at 456.  Appellants filed their notice of appeal on May 9, 1994.

Appellant Rand subsequently graduated in June 1994.  Because all four appellants have graduated, we find that to the extent they seek declaratory and injunctive relief, their case is moot.  The only justiciable controversy in this case is the appellants' claim for money damages.  We affirm the district court's grant of summary judgment for the appellees on this claim, but we do so without reviewing the merits of the district court's constitutional analysis.

## II.

We begin by noting that appellants' claims for declaratory and injunctive relief are moot.  All appellants have graduated, and none are threatened with harm from possible prayers in future Duval

---

[3]This second amended complaint is the complaint before us; we refer to it as "the complaint."

County graduation ceremonies. In short, the appellants have no legally cognizable need for relief declaring the policy unconstitutional and preventing the School Board from allowing prayers at future graduations.

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of certain "Cases" and "Controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy. *See Church of Scientology Flag Serv. Org. v. City of Clearwater,* 777 F.2d 598, 604 (11th Cir.1985), *cert. denied,* 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 656 (1986). "[A] case is moot when the issues presented are no longer "live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Any decision on the merits of a moot case would be an impermissible advisory opinion. *See Church of Scientology Flag Serv. Org.,* 777 F.2d at 604 (citing *Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 201-02, 24 L.Ed.2d 214 (1969) (per curiam)).

To apply the doctrine of mootness to this case, we must distinguish the appellants' claims for equitable relief from their claim for money damages. Although neither the appellants nor the district court treated the appellants' claim for damages as distinct from their claims for equitable relief, these claims are distinct by nature. Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past

injury.

Frequently, a plaintiff will seek both forms of relief in the same cause of action when challenging a defendant's course of conduct that began before the initiation of the lawsuit and is likely to continue in the future. The plaintiff requests money damages to redress injuries caused by the defendant's past conduct and seeks equitable relief to prevent the defendant's future conduct from causing future injury.

When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury. This is precisely what happened in this case.

Appellants argue that, despite their graduation from high school, their claims for declaratory and injunctive relief are not moot because the original injury is "capable of repetition, yet evading review." *See Southern Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This exception to the mootness doctrine is narrow.

> [I]n the absence of a class action, the "capable of repetition, yet evading review" doctrine [is] limited to the situation where two elements combine[ ]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.

*Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam). This case does not satisfy the second element. Because the complaining students have graduated from high school, there is no reasonable expectation that they will be subjected to the same injury again. *See DeFunis v. Odegaard,*

416 U.S. 312, 319-20, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974) (finding challenge to law school admission policy moot because petitioner "will never again be required to run the gauntlet of the Law School's admission process").

Appellants contend, however, that two of the named plaintiffs, Karen Adler and Robin Rand, are parents of other children who will graduate sometime in the future from high schools in Duval County and may be subjected to the same injury. In the complaint, however, the caption notwithstanding, neither parent is described as a plaintiff and no theories have ever been advanced to support an individual action by either parent, nor were any allegations made in the complaint regarding the existence of other children. The former students are the only plaintiffs before us,[4] and as to them, any claim for equitable relief is clearly moot. *See Sapp v. Renfroe,* 511 F.2d 172, 176 (5th Cir.1975) (holding constitutional challenge to graduation requirement brought by student who then graduated moot);[5] *Laurenzo v. Mississippi High Sch. Activities Ass'n,* 662 F.2d 1117, 1120 (5th Cir. Unit A Dec.1981) (holding constitutional challenge to student-transfer rule brought by student who then graduated moot despite argument that student's

_____

[4]The appellants originally sought to represent a class of similarly situated students who would graduate in the future, but they failed timely to move the district court for class certification pursuant to local court rules. The district court denied the appellants leave to file a motion for class certification out of time. The appellants do not challenge this ruling.

[5]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

parent had other children who might suffer same injury).[6]

Because any claim for equitable relief has been rendered moot by the appellants' graduations, we must vacate the district court's grant of summary judgment to the appellees on the appellants' claims for declaratory and injunctive relief and remand the case to the district court with instructions to dismiss those claims. *See, e.g., Lewis v. Continental Bank Corp.,* 494 U.S. 472, 482, 110 S.Ct. 1249, 1256, 108 L.Ed.2d 400 (1990). Having disposed of the appellants' claims for equitable relief, we are left with their claim for money damages, which we now address.

III.

Because the appellants' claim for money damages does not depend on any threat of future harm, this claim remains a live controversy. *See Havens Realty Corp. v. Coleman,* 455 U.S. 363, 371, 102 S.Ct. 1114, 1120, 71 L.Ed.2d 214 (1982) ("Given respondents' continued active pursuit of monetary relief, this case remains "definite and concrete, touching the legal relations of parties having adverse legal interests.' ") (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

We accordingly turn our focus to the basis for the appellants' claim for damages. The complaint alleges that a "senior class chaplain" delivered a prayer at the June 7, 1993, Mandarin

---

[6]Although decisions from Unit A of the former Fifth Circuit handed down after September 30, 1981, are not binding precedent, we find the reasoning in *Laurenzo* persuasive. *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir.1982) (adopting as binding precedent all decisions of Unit B of former Fifth Circuit handed down after September 30, 1981, but recognizing persuasive authority of non-binding Unit A decisions).

graduation ceremony at which appellants Adler, Jaffa, and Zion graduated.[7] The only past injury for which the appellants could seek redress is being subjected to this prayer at their graduation ceremony.[8] To prove that the appellees caused this injury, the appellants alleged in their complaint that the prayer was "a direct consequence" of the school's policy. In their answer, the

_____

[7]The parties agree that a student delivered the following message:

> First and foremost, we give thanks to our parents for providing the love and support that we have too many times taken for granted. We thank our teachers for challenging our minds and inspiring us to greater achievement. And finally to our special friends who are present today, we thank you for sharing our joy.
>
> We, as a class, are entering a new chapter in our lives. As we enter this new time, there will be many decisions to be made, decisions that will shape our future.
>
> We ask for divine guidance, strength, and a burning desire to move ahead and succeed. In God's name we pray. Amen.

We assume without deciding that this message constitutes a religious prayer for First Amendment purposes. *See DeSpain v. DeKalb County Community Sch. Dist. 428,* 255 F.Supp. 655, 655-56 (N.D.Ill.1966) (finding verse "We thank you for the flowers so sweet;  /We thank you for the food we eat;  /We thank you for the birds that sing;  /We thank you for everything" did not constitute prayer for First Amendment purposes), *rev'd,* 384 F.2d 836 (7th Cir.1967) (finding same verse did constitute prayer), *cert. denied,* 390 U.S. 906, 88 S.Ct. 815, 19 L.Ed.2d 873 (1968);  *see also Engel v. Vitale,* 370 U.S. 421, 424, 82 S.Ct. 1261, 1264, 8 L.Ed.2d 601 (1962) (describing prayer as "solemn avowal of divine faith and supplication for the blessings of the Almighty").

[8]Appellant Rand did not graduate at this ceremony. Because he graduated after the district court entered final judgment, he has no claim for money damages in this case. Summary judgment in favor of the appellees on Rand's claim was thus proper and is affirmed. In the rest of this part of the opinion, we use the term "appellants" to refer only to appellants Adler, Jaffa, and Zion.

appellees admitted that a student said the prayer, but denied that the prayer was a consequence of the policy.

The district court based its decision to grant the appellees' motion for summary judgment on its conclusion that the policy was not unconstitutional. Because we find that the district court's order must be affirmed regardless of the constitutionality of the policy, we abstain from ruling on this controversial constitutional question. *See Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

The only issue the appellants raise on appeal is whether the district court erred in holding the policy constitutional. While the constitutionality of the policy may have been central to the now moot issue of whether equitable relief is warranted to prevent the policy from being implemented at future graduations, it does not dispose of the issue of whether the appellants should be awarded money damages for being subjected to the prayer at their graduation. In other words, any claim for damages does not depend on the constitutionality of the policy in the abstract or as applied in other Duval County schools. Even if the policy is unconstitutional, the defendants might not be liable if, for example, they did not implement the policy at the ceremony in question or if the prayer would have been delivered without the policy. On the other hand, if the district court was correct in finding the policy constitutional, defendant Epting, Mandarin's

principal, might nonetheless be liable if he implemented the policy in an unconstitutional manner.[9]

The constitutionality of the policy, therefore, has little independent relevance to the appellants' damages claim. Whether they are entitled to damages depends entirely on the circumstances under which the prayer was delivered at their graduation ceremony. In order to prevail, the appellants must have some theory connecting the individual defendants to the prayer.

For these reasons, even if we were to find fault with the district court's constitutional analysis of the policy, this conclusion by itself would not answer the question of whether the court erred in granting the appellees summary judgment on the damages claim. The appellants offer no other grounds in their briefs for finding trial court error.

After considering the appellants' briefs and oral argument, we are convinced that they either fail to understand the basis for

---

[9] For example, the district court based its conclusion that the policy did not violate the Constitution under the test enunciated in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), in part on its finding that the policy did not have the primary effect of advancing religion because it did "not mandate, require, or direct that religious expression or prayer occur at any graduation ceremony." *Adler,* 851 F.Supp. at 453. Similarly, it held that the policy was not unconstitutional under *Lee v. Weisman,* 505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992), because the policy did "not solicit or mandate invocations or benedictions." *Adler,* 851 F.Supp. at 456.

Assuming that both these conclusions are correct, Epting still might be liable for a constitutional tort under either of these tests if he "mandate[d], require[d], or direct[ed] that" the prayer be delivered at the Mandarin gradation.

their damages claim or do not seriously seek damages.[10] They have offered us no connection between the prayer and their damages claim; their briefs offer no indication as to any of the circumstances surrounding the Mandarin graduation prayer. They failed to argue that the prayer was a "direct consequence" of the policy, or any other theory connecting the defendants' actions to the Mandarin prayer. Their briefs do not even include the allegation made in their complaint that a prayer was delivered at Mandarin.

If they had desired to preserve their damages claim on appeal, they should have included all this information in their initial brief pursuant to the rules of appellate procedure. *See* Fed. R.App. P. 28(a)(3), (4), (6), (requiring appellant to include in initial brief "[a] statement of the issues presented for review"; a statement "indicat[ing] briefly the nature of the case" followed by "a statement of the facts relevant to the issues presented for review"; an argument "contain[ing] the contentions of the appellant on the issues presented"). Most telling of all, is their request for relief. Fed. R.App. P. 28(a)(7) requires appellants to include in their initial brief a "short conclusion stating the precise relief sought." In their brief, the appellants only ask us to reverse the district court and remand the case "with directions for entry of summary judgment and declaratory relief." They do not ask us to direct the district court on remand to award money

---

[10]In support of the latter conclusion, we note that appellants agreed with the district court's assertion at a pretrial hearing that their "prayer for injunctive relief ... is 99 percent of this litigation."

damages or to hold any kind of further proceedings on their damages claim.  *See Frank v. United States,*   78 F.3d 815, 832-34 (2d Cir.1996) (holding issue waived because cross-appellant failed to request appropriate relief, even though cross-appellant had stated the issue and attempted to incorporate argument before district court), *petition for cert. filed,* 64 U.S.L.W. 2600 (U.S. June 13, 1996)(No. 95-2006) .

In fact, the only references to their claim for damages were two cursory statements, one in their initial brief and one at oral argument.  Their brief indicated that they initiated the lawsuit "seeking declaratory and injunctive relief, as well as damages," but never again mentioned their damages claim or its underlying legal theory.  After contending at oral argument that their case fit within the "capable of repetition, yet evading review" exception to the mootness doctrine discussed above, appellants suggested in passing that their case was not moot because the complaint contained a prayer for money damages.[11]

We cannot agree with Judge Vining's conclusion that this cursory treatment is sufficient to preserve their damages claim on appeal.  Without the benefit of developed argument from both sides regarding the propriety of the district court's grant of summary judgment on the damages claim, we cannot effectively review that decision.  For us to rule on this issue would deny the appellees the opportunity to argue that they were not legally responsible for

---

[11]They first argued that their case was not moot in their reply brief.  In that brief, however, the only argument they made was that their case was "capable of repetition, yet evading review."  They made no mention of their claim for damages.

the prayer delivered at the appellants' graduation.  As we noted in

*Federal Savings & Loan Ins. Corp. v. Haralson,* 813 F.2d 370 (11th

Cir.1987):

> The waiver rule requires that the appellant state and address
> argument to the issues the appellant desires to have reviewed
> by this Court in the appellant's initial brief because "[i]n
> preparing briefs and arguments, an appellee is entitled to
> rely on the content of an appellant's brief for the scope of
> the issues appealed."

*Id.* at 373-74 n. 3 (quoting *Pignons S.A. de Mecanique v. Polaroid*

*Corp.,* 701 F.2d 1, 3 (1st Cir.1983)).

For all these reasons, we hold that they have waived their

damages claim on appeal.[12]  *See, e.g., Braun v. Soldier of Fortune*

---

[12]Judge Vining suggests that the proper disposition of this
case is to reach the merits of the district court's ruling and,
if we were to find it erroneous, remand the case for further
proceedings on the damages claim.  Such a disposition is
logically appealing, but does not take into account the
significance of the appellants' failure on appeal to (1)
articulate any theory connecting the actions of the appellees to
a cognizable injury suffered by the appellants, (2) discuss any
facts relevant to the Mandarin graduation ceremony, other than
the existence of the policy, or (3) request that we remand the
case with directions that the district court either award money
damages or, at the very least, conduct further proceedings to
determine whether damages are warranted.  These glaring omissions
clearly demonstrate that the appellants have not advanced their
damages claim on appeal.

> Perhaps the appellants did state a valid damages claim
> in their complaint, and the evidence available to them may
> very well support that claim.  Had the appellants perceived
> that any claim for injunctive relief based solely on the
> policy was moot, we have little doubt that they would have
> fully briefed their damages claim on appeal.  In the absence
> of plain error, however, it is not our place as an appellate
> court to second guess the litigants before us and grant them
> relief they did not request, pursuant to legal theories they
> did not outline, based on facts they did not relate.  *See*
> Fed. R.App. P. 28(a);  *Head Start Family Educ. Program, Inc.*
> *v. Cooperative Educ. Serv. Agency 11,* 46 F.3d 629, 635 (7th
> Cir.1995) (noting that an appellate "court has no duty to
> research and construct legal arguments available to a
> party");  *Golden Pacific Bancorp v. Clarke,* 837 F.2d 509,
> 513 (D.C.Cir.) ("[Appellate courts] do not sit as

*Magazine,* 968 F.2d 1110, 1121 n. 13 (11th Cir.1992) (refusing to review issue not raised and argued in appellant's initial brief), *cert. denied,* 506 U.S. 1071, 113 S.Ct. 1028, 122 L.Ed.2d 173 (1993). We therefore affirm the district court's order to the extent it denied the appellants' motion for summary judgment and granted the appellees' motions for summary judgment on the appellants' damages claim.

IV.

For the foregoing reasons, we VACATE the district court's order granting the appellees summary judgment on the appellants' claims for declaratory and injunctive relief and REMAND the case with instructions that the district court dismiss those claims. We AFFIRM the district court's denial of the appellants' motion for summary judgment and its grant of summary judgment for the appellees on the appellants' damages claim.

It is SO ORDERED.

VINING, Senior District Judge, concurring in part and dissenting in part:

While I concur in the majority's conclusion that the appellants' requests for injunctive and declaratory relief are moot, I cannot agree with its finding that the appellants have

---

self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties."), *cert. denied,* 488 U.S. 890, 109 S.Ct. 223, 102 L.Ed.2d 213 (1988).

We recognize that we have discretion to overlook technical noncompliance with Rule 28(a) and can even decide issues *sua sponte.* These courses of action are only appropriate in rare circumstances to avoid manifest injustice. *See Frank,* 78 F.3d at 833. We find, however, that this case does not present sufficiently compelling reasons for us to exercise that discretion.

waived their claim for money damages.  Accordingly, I respectfully dissent from Part III of the majority opinion.

As the majority observes, the appellants specifically alleged in their complaint that a member of the senior class delivered a prayer at the June 7, 1993, Mandarin Senior High School graduation exercises at which appellants Adler, Jaffa, and Zion graduated. Consistent with this allegation and their request for money damages, the appellants also alleged that the prayer was a direct consequence of the Duval County School District policy at issue in this case.[1]

On May 4, 1994, the district court granted the appellees' motion for summary judgment, concluding that the Duval County School District policy was not unconstitutional.  The district court neither discussed nor analyzed the appellants' claim for money damages in its memorandum opinion and order.[2]  Instead, after dismissing all of the appellants' constitutional challenges to the instant policy, the district court entered final judgment for the

---

[1] The appellants' complaint is replete with additional specific and particularized allegations that outline other instances in which senior class representatives delivered religious messages at other Duval County high school commencement ceremonies.  Moreover, the appellants specifically allege that these prayers were delivered as a result of the subject school district policy.

[2] In fact, the district court referenced the appellants' claim for money damages only once in its twenty-two page memorandum opinion and order.  In its introduction, the court, after observing that the appellants sought injunctive relief, noted that they "also sought declaratory relief and damages." R4-123-2.  This was the district court's sole reference to the appellants' money damages claim.  The district court thereafter extensively analyzed the constitutional issues presented in this case without ever addressing, even in the most perfunctory fashion, the appellants' money damages claim.

appellees.  It never, explicitly or implicitly, addressed, in any substantive fashion, the appellants' damages claim.[3]

Despite the uncontroverted fact that the district court never addressed or analyzed the appellants' claim for money damages in its memorandum opinion and order, the majority concludes that the appellants' failure to "fully brief" their money damages claim on appeal constitutes a waiver of that claim.[4]  Because I find that the appellants properly and adequately briefed and argued on appeal the only issue actually addressed and decided by the district court, i.e., the constitutionality of the instant policy, I disagree with the majority's decision.[5]

As the district court implicitly recognized, it was absolutely unnecessary for it to engage in any analysis of the appellants' claim for money damages after it determined that the instant policy was not unconstitutional.  The district court properly expressed no opinion regarding the propriety of the appellants' money damages

---

[3]I am not implying that the district court erred by failing to analyze the appellants' claim for money damages.  Once the district court ruled that the subject policy was not unconstitutional, it was unnecessary for the court to consider the appellants' claim for monetary damages.  Indeed, any discussion by the district court of money damages at that point would have been dicta.

[4]Although the appellants may have agreed with the district court's assertion at the pretrial hearing that their prayer for injunctive relief was ninety-nine percent of the relief sought in this matter, such a concurrence provides no persuasive support for the proposition that the appellants waived their claim for money damages on appeal or that they did not seriously seek monetary damages.  To the extent that the majority states otherwise, I do not concur.

[5]Although the appellants did not discuss in great detail during oral argument the evidence supporting their money damages claim, they did, as the majority notes, reference and acknowledge the existence of such a claim.

claim subsequent to holding that the policy at issue survived constitutional scrutiny because, under the facts of this case, the appellants were not entitled to money damages, or injunctive or declaratory relief for that matter, absent a finding that the subject policy was unconstitutional.[6] Consistent with the district court's ruling, the appellants, therefore, properly focused upon the alleged errors committed by the district court in its constitutional analysis. Under these circumstances, I am not aware of any legal theories, principles of equity, or appellate rules, including those cited by the majority, that support the majority's waiver position.

Since I conclude that the appellants sufficiently raised their

---

[6]While the constitutionality of the instant policy is not *dispositive* of the appellants' money damages claim, the appellants' claim for money damages, like their requests for injunctive and declaratory relief, clearly does *depend* upon the constitutionality of the subject policy. I disagree with the majority's assertion to the contrary. The appellants' only claim for money damages relates to the prayer delivered at the Mandarin graduation. As I have previously explained, the appellants specifically alleged in their complaint that this prayer was given as a direct result of the policy at issue in this case.

The appellants did not allege in their complaint, or assert at any time in the course of this litigation, that any individual defendant acted unconstitutionally, except when acting pursuant to the purportedly unconstitutional Duval County School District policy. For example, the appellants did not allege in their complaint that the Mandarin principal, Dalton Epting, acted independently, rather than pursuant to the policy at issue, when he permitted the senior class representative to deliver the prayer at the Mandarin graduation ceremony. The majority's suggestion that Epting might be liable if he independently mandated, required, or directed that a prayer be given appears only in the majority opinion. The appellants have never advanced this theory of liability, and there are no factual allegations in their complaint to support such a theory. Thus, consistent with the appellants' allegations in their complaint, the claim for money damages does depend directly upon the constitutionality of the subject policy.

claim for money damages in their complaint, properly alleged that such damages were the direct consequence of an unconstitutional policy, and properly and adequately challenged in their appellate briefs and during oral argument the only issue actually addressed and decided by the district court, I cannot agree that the appellants have waived their claim for money damages on appeal. Consequently, I would reach the merits of the constitutional arguments raised in this case and would, if necessary, remand the matter to the district court for a hearing on all relevant factual and legal issues relating to the appellants' claim for money damages.[7]

---

[7]I am cognizant of the fact that the constitutionality of the instant policy is not dispositive of the issue of money damages. Even if this court were to find that the subject policy is unconstitutional, the appellants would not automatically be entitled to money damages. Rather, the appellants would still be required to prove, as they alleged in their complaint, that the prayer delivered at the Mandarin graduation was given as a result of the subject policy.

   If this court were to conclude that the instant policy is unconstitutional, the appellees, contrary to the majority's assertion otherwise, would have an ample opportunity to "argue that they were not legally responsible for the prayer delivered at the appellants' graduation." If this court concluded that the subject policy did not survive constitutional scrutiny, the court would then remand the damages issue to the district court. On remand, both the appellants and appellees would have the opportunity to argue the merits of the appellants' damages claim. After reviewing all of the relevant evidence and hearing arguments from the appellants and appellees, the district court would thereafter determine whether the appellants were entitled to the money damages that they have requested.