# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 12, 2007       Decided February 19, 2008

No. 06-1424

WILLIAM REDIN ARMSTRONG,
PETITIONER

v.

FEDERAL AVIATION ADMINISTRATION AND
MARION C. BLAKEY, ADMINISTRATOR,
RESPONDENTS

On Petition for Review of an Order of the
Federal Aviation Administration

*Richard E. Gardiner* argued the cause and filed the briefs for petitioner.

*James F. Conneely*, Attorney, Federal Aviation Administration, argued the cause for respondents. With him on the brief was *Peter J. Lynch*, Assistant Chief Counsel.

Before: SENTELLE, *Chief Judge*, and GINSBURG and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: William Armstrong petitions for review of the order of the Federal Aviation Administration determining that an "emergency" existed, entitling it immediately to revoke his private pilot certificate. We dismiss the petition as moot.

## I. Background

On October 10, 2006, the Administrator of the Federal Aviation Administration issued an order revoking William Armstrong's private pilot certificate, alleging that Armstrong had violated numerous federal aviation regulations by knowingly flying an airplane that was not airworthy and performing repairs he was not authorized to do. The Administrator determined that an "emergency" existed, permitting her to impose the order without first providing Armstrong an opportunity to respond to these allegations. 49 U.S.C. § 44709(c). The emergency determination also prevented Armstrong from obtaining a stay of the order while he appealed it to the National Transportation Safety Board. *Id.* § 44709(e)(2).

Armstrong did appeal the order to the NTSB, but because he did not request review of the underlying emergency determination within two days of receiving the order, he forfeited his right to an administrative appeal of that determination. *Id.* § 44709(e)(3). He instead petitioned this court for review of the emergency determination. *See* 49 U.S.C. § 46110(a).

While Armstrong's petition here was pending, an Administrative Law Judge affirmed all the violations found by the Administrator but reduced the sanction to a 10-month suspension of his private pilot certificate. *Administrator v.*

*Armstrong*, No. SE-17854, 2007 WL 549827 (N.T.S.B. Jan. 25, 2007). Armstrong appealed, and the Administrator cross-appealed, to the NTSB. Shortly before oral argument in this case, the NTSB denied Armstrong's appeal and granted that of the Administrator, thereby reinstating the order revoking Armstrong's certificate. *Administrator v. Armstrong*, No. SE-17854, 2007 WL 2846496 (N.T.S.B. Sept. 27, 2007).

## II. Analysis

The emergency determination of which Armstrong seeks review prevented him from obtaining a stay of the revocation order while his appeal was pending before the NTSB. Once the NTSB resolved his appeal, the emergency determination ceased to have any effect. *See Robinson v. NTSB*, 28 F.3d 210, 211, 213-14 (D.C. Cir. 1994). That would seem to moot the present case, which concerns only the emergency determination. Armstrong, however, argues that the case comes within the exception to mootness for cases "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) (internal quotation marks omitted).

We cannot deem Armstrong's case capable of repetition because he has not made "a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). More specifically, Armstrong has not shown it is at all likely he will obtain a new private pilot certificate and again be subject to an emergency determination. Furthermore, the issue presented - whether it was arbitrary and capricious for the Administrator to make an emergency determination under the specific factual circumstances of this case - will never arise again. *See PETA, Inc. v. Gittens*, 396 F.3d 416, 424 (D.C. Cir. 2005) (declining to apply exception to a "legal controversy so sharply focused on a unique factual context" (internal quotation marks omitted)).

Nor did Armstrong's case "evade review"; that occurs only when "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Weinstein*, 423 U.S. at 149. Here it was Armstrong's lassitude that allowed his case to become moot.

First, Armstrong did not file his petition for review until 79 days after the Administrator's order issued, which was 19 days after the period for filing a petition for review of an order of the FAA had expired.[*] He later filed a motion to extend the time to file his reply brief by two weeks. A litigant cannot credibly claim his case "evades review" when he himself has delayed its disposition. *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1427 (D.C. Cir. 1994). *But cf. United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002) (agency order with 30-day statutory life evades review notwithstanding agency's failure to seek expedition and its motions for extension of time to file briefs in particular case). Having pursued his appeal in so leisurely a fashion, Armstrong made it impossible for us to say the order of the Administrator was too short-lived to be reviewed by this court.

Second, Armstrong never filed a motion, either before the NTSB or in this court, to stay the administrative proceeding. We join every other circuit to have considered the matter and conclude that a litigant who could have but did not file for a stay to prevent a counter-party from taking any action that would

---

[*]A pilot may petition for review more than 60 days after the issuance of an order if he has "reasonable grounds" for his delay. 49 U.S.C. § 46110(a). Because we dismiss this case as moot, we do not decide whether Armstrong had such "reasonable grounds." Nor do we express a view upon whether Armstrong's failure to exhaust his administrative appeals independently deprived this court of jurisdiction to hear his petition. *See id.* § 46110(d).

moot his case may not, barring exceptional circumstances, later claim his case evaded review. *See Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005); *N.Y. City Employees' Ret. Sys. v. Dole Food Co., Inc.*, 969 F.2d 1430, 1435 (2d Cir. 1992); *Koppers Indus., Inc. v. EPA*, 902 F.2d 756, 759 (9th Cir. 1990); *In re Kulp Foundry, Inc.*, 691 F.2d 1125, 1129-30 (3d Cir. 1982); *cf. Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1257-58 (11th Cir. 2001); *United States v. Taylor*, 8 F.3d 1074, 1077 (6th Cir. 1993); *In re L.F. Jennings Oil Co.*, 4 F.3d 887, 890 (10th Cir. 1993).

## III. Conclusion

For the foregoing reasons, we conclude that Armstrong's petition for review is moot. It is therefore

*Dismissed.*