**REVISED October 13, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 19-50577

EMPOWER TEXANS, INCORPORATED; BRANDON C. WALTENS;
DESTIN R. SENSKY,

>    Plaintiffs - Appellants

v.

CHARLIE L. GEREN, in his official capacity as Chairman of the Committee
on House Administration of the Texas House of Representatives,

>    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-422

Before ELROD, SOUTHWICK, and HAYNES, Circuit Judges.
LESLIE H. SOUTHWICK, Circuit Judge:

The Chairman of the Committee on House Administration of the Texas House of Representatives refused to issue media pass cards to certain individuals that would have given them access to the floor of the House chamber. The individuals and their employer sued, and the district court granted the Chairman's motion to dismiss based on legislative immunity. We

No. 19-50577

conclude that the case has become moot.  We therefore VACATE and REMAND to the district court so that the suit can be DISMISSED.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal is taken from the grant of a motion to dismiss.  In our review, then, we must consider the facts to be those alleged in the complaint, interpreted in the light most favorable to the plaintiff.  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

The plaintiffs include Empower Texans, Inc., a Texas nonprofit corporation that publishes the news magazine *Texas Scorecard*.  The other plaintiffs are Brandon Waltens and Destin Sensky.  They are employed by Empower as reporters who focus their coverage on the Texas Legislature.  We will not differentiate in our discussion and refer to all as "Empower."  Empower gives ratings to Texas legislators in its *Fiscal Responsibility Index* and endorses candidates.  Empower has regularly given Representative Charlie Geren, the Chairman of the Committee on House Administration of the Texas House of Representatives, an "F" rating.  It also has endorsed his challengers in primary elections.

The Texas House Rules restrict access to the floor of the House chamber.  Rule 5 lists categories of persons who may be admitted to the floor, one of which is "duly accredited media representatives as permitted by Section 20 of this rule."  H.R. 5, § 11, 86th Leg., Reg. Sess. (Tex. 2019).  A brass railing encloses the seats of the Representatives.  Access to the area inside the railing is available for "duly accredited media representatives as permitted by Section 20 of this rule."  *Id.* § 12.  A "duly accredited media representative" must satisfy several criteria, including belonging to an organization

> whose publications or operations are editorially independent of any institution, foundation, or interest group that lobbies the government or that is not principally a general news organization; and . . . not engaged in any lobbying or paid advocacy, advertising,

2

publicity, or promotion work for any individual, political party, corporation, organization, or government agency.

*Id.* § 20(a)(1)(C), (a)(2).  If the Committee on House Administration determines that an applicant meets the requirements, it "shall issue a pass card to the person."  *Id.* § 20(d).  Geren, as chairman of that committee, is ultimately responsible for issuing media credential pass cards to qualified applicants.

Waltens and Sensky submitted applications for media passes on January 3, 2019.  The following day, Geren responded in writing that he believed they did not meet the requirements to be eligible for passes.  The 86th Texas Legislative Session began on January 8, 2019.  From February to April of 2019, Empower and the House Business Office, under Geren's leadership, corresponded about the applications.  That office stated in a letter that the applications were still under review and asked for more information regarding the applicants' eligibility.  Empower responded and sent follow-up communications to the Texas House Speaker and to Geren.  The business office again requested more information and Empower responded by requesting clarification about the needed information.  Empower alleges that Geren's failure to issue the press passes was the result of bad-faith viewpoint discrimination.

Finally, on April 16, without having received a final determination on the applications, Empower sued Geren.  On May 14, Empower filed an amended complaint alleging constitutional violations and seeking a declaratory judgment that its employees were entitled to press passes as well as permanent and preliminary injunctions.  On May 16, only eleven days before the Regular Session of the 86th Texas Legislature ended, Empower filed a motion for a temporary restraining order and a preliminary injunction.  Geren filed a motion to dismiss based on legislative immunity.  On May 23, the

No. 19-50577

district court granted Geren's motion to dismiss.  Empower did not file its notice of appeal until June 21.

DISCUSSION

Article III grants judicial power only over "Cases" or "Controversies." U.S. CONST. art. III, § 2.  Whether a case or controversy remains live throughout litigation is a jurisdictional matter because federal courts have no authority to hear moot cases. *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016).  We conclude that this case has become moot and is not saved by the exception for cases capable of repetition, yet evading review.  As a result, we lack authority to review the legislative-immunity issue.

Geren argues that this case is moot because the legislative session is over and there is no ongoing harm.  Earlier in the appeal, Empower contended that only the regular session was over.  It claimed that special sessions are common, meaning the possibility that the 86th Texas Legislature could convene again kept the case from being moot.  In analyzing this, we start with the Texas Constitution.  It provides that the Legislature has regular sessions every other year. TEX. CONST. art. III, § 5(a).  The next regular session is scheduled to begin in January 2021.  At oral argument, the parties were asked about the possibility of a special legislative session.  The parties provided helpful information indicating that special sessions occur, but they rarely occur in the year (such as 2020) after a regular session.

At this late date, the possibility of a special session has all but vanished. Thus, the case is moot under our general rule, and we must determine whether the plaintiffs' failure to receive credentials in 2019 falls within an exception to mootness that might save the case.  Empower argues that the "capable of repetition, yet evading review" exception applies because Geren will implement the same rules for press passes to cover the first day of the next

4

legislative session beginning in January 2021, and the harm will repeat without enough time for Empower's claims to be fully litigated.

The exception to mootness for cases that are capable of repetition but would likely evade review applies if "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (alterations in original) (quotation marks omitted). The party seeking to assert the exception bears the burden of showing that it applies. *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020). The exception, though, applies "only in exceptional situations." *See, e.g.*, *Kingdomware*, 136 S. Ct. at 1976.

One question for the analysis of the doctrine is how much judicial review is needed. The Supreme Court has stated that a case evades review if its duration is too short to receive "*complete* judicial review," apparently meaning review in that Court. *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 774 (1978) (emphasis added). The D.C. Circuit at least once made a similar point that there must be enough time for the Supreme Court to review. *See, e.g.*, *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009).

We find further guidance from one of our opinions analyzing a transfer student's claim that he was improperly held to be ineligible for high school athletics for one year; by the time this court heard the appeal, the year had expired. *Laurenzo v. Miss. High Sch. Activities Ass'n, Inc.*, 662 F.2d 1117, 1119–20 (5th Cir. Unit A 1981). We held that "the challenged action was in its duration too short to be fully litigated prior to its cessation," but the case was moot because, for that plaintiff, there was no risk of repetition. *Id.* at 1120. We do not interpret *Laurenzo* to have established a calendar for evading review, in which a claimed injury that will last no more than a year will evade

review. Claims need to be judged on how quickly relief can be achieved in relation to the specific claim.

We conclude such issues need not be resolved here because Empower has not shown it should have the doctrine applied to this appeal. As mentioned already, a party may proceed beyond mootness "only in exceptional situations." *Kingdomware*, 136 S. Ct. at 1976. If more vigorous efforts earlier in this suit had the potential of achieving the results the plaintiffs now say they need more time to achieve, the party has not presented exceptional circumstances. A party usually must show its claims have evaded the review that was available for reasons beyond its control before it can ask for more. We explain.

Other circuits have addressed the effect on mootness analysis if the complaining party did not diligently use the tools it had to get more thorough, even if not complete, review of the claim that is now moot. The Eighth Circuit says that in order "to establish that time is too short to litigate a claim," a party "must take advantage of [the] legal avenues that would allow for litigation within the necessary time constraints." *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018). That circuit also has held that a "party's failure to file suit sooner" foreclosed the argument that mootness should not be a bar because the suit was one that would evade review. *Id.* at 817–18 (discussing *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990)).

The D.C. Circuit has made similar holdings. Diligence in the initial litigation "ensures [that] only situations that truly evade review in an exceptional way fall under the doctrine's umbrella." *Newdow v. Roberts*, 603 F.3d 1002, 1009 (D.C. Cir. 2010). For example, "a litigant who could have but did not file for a stay to prevent a counter-party from taking any action that would moot his case may not, barring exceptional circumstances, later claim his case evaded review." *Armstrong v. FAA*, 515 F.3d 1294, 1297 (D.C. Cir. 2008) (collecting consistent cases across circuits). Here, there was no order to

be stayed, but the relevant point is that a litigant must use the available tools. "A litigant cannot credibly claim his case 'evades review' when he himself has delayed its disposition." *Id.* at 1296. This principle, the D.C. Circuit also held, "requires a plaintiff to make a full attempt to prevent his case from becoming moot, an obligation that includes filing for preliminary injunctions and appealing denials of preliminary injunctions." *Newdow*, 603 F.3d at 1009. Empower sought both a temporary restraining order and a preliminary injunction, but the obligation to be diligent did not end there.

Expedited procedures are available in this circuit before certain categories of cases become moot, such as seeking a stay or injunction pending appeal. *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398–99 (5th Cir. 2000). Further, "actions for temporary or preliminary injunctive relief" continue to get "preference in processing and disposition." 5TH CIR. R. 47.7(4). One of this court's panels held that if "prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." *Ashford Hosp. Prime, Inc. v. Sessa Capital (Master), L.P.*, 673 F. App'x 401, 404 (5th Cir. 2016) (quoting *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1435 (2d Cir. 1992)).

The Ninth Circuit has similarly held that an action did not evade review when the party did "not demonstrate[] that expedited review would have been unavailable." *Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018).[1]

In summary, exceptional circumstances justifying a court's moving beyond actual mootness will be less likely found when the party seeking review failed to utilize the procedures that had been available. A party seeking to

---

[1] The circuits are not unanimous. The Third Circuit rejected an agency's argument that an issue did not evade review when the party could have but did not seek expedited review. *Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Envtl. Prot. Agency*, 746 F. App'x 131, 134 (3d Cir. 2018). The court stated that failure to seek expedited review "carrie[d] no weight in [its] analysis." *Id.* It weighs with many circuits, though, as our previous discussion shows.

No. 19-50577

continue litigation after time has run out should not be allowed to do so when it failed to use the time it had.

We apply these considerations to the appeal. The 86th Texas Legislative Session began in January 2019, and Empower sought credentials immediately. It was May, though, before Empower sought a preliminary injunction, just eleven days before the regular session ended. An earlier request and denial would have allowed this court to be called on to review the denial with some urgency. Even after the district court granted Geren's motion to dismiss on May 23, 2019, the notice of appeal was not filed until June 21.

Purposeful delay by the defendant in an effort to evade review is another relevant consideration. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. Unit B 1981). To be clear, a Unit B opinion, which meant that the Fifth Circuit judges on the panel would serve on the Eleventh Circuit beginning in October 1981, is precedent in this circuit.[2] In *Rayonier,* we were "reluctant to permit a federal agency to so arrange its timetables that the scope of its authority would continue to elude judicial scrutiny." *Id.* This could also apply to purposeful efforts to delay judicial review. The events of the denial in 2019 indicate that the defendant did not give an immediate answer to the request for credentials. Though Empower requested credentials before the Regular Session of the 86th Texas Legislature began, the House Business Office's requests for more information and Empower's responses delayed a

---

[2] When the court created these temporary administrative units, it also proclaimed there would remain "only one body of law" for the Fifth Circuit as the two units resolved their respective cases. Resolution of the Judicial Council of the United States Court of Appeals for the Fifth Circuit (May 5, 1980), *printed in* Leigh McWhite, *A Selection of Archival Documents: J.P. Coleman and the U.S. Court of Appeals for the Fifth Circuit*, 82 MISS. L.J. 1245, 1267 (2013); *see also* Robert A. Ainsworth, Jr*., Fifth Circuit Court of Appeals Reorganization Act of 1980*, 1981 BYU L. REV. 523. Therefore, a published Unit B opinion became part of that one body of law. It is as binding in this circuit as a published Unit A opinion by a panel of judges who would remain members of the Fifth Circuit after the circuit was split.

decision.  Empower and similarly situated plaintiffs are not entitled to file suit at the first moment of disagreement.  Nonetheless, when delay appears to be due to a persistent refusal to render a decision in order to evade judicial review, that argument can be raised in litigation.  *See id.*

Crucially, Empower never asked this court to expedite its appeal.  Both the Federal Rules of Appellate Procedure and this court's local rules allow a party to move the court for an expedited appeal.  *See* FED. R. APP. P. 2; 5TH CIR. R. 27.5.  Empower did not take advantage of these rules.  That relaxed approach can be contrasted with a recent case in this court involving a plaintiff who similarly sought an injunction against public officials so that he could attend school-district meetings and activities.  *See Monroe v. Hous. Indep. Sch. Dist.*, 794 F. App'x 381, 383 (5th Cir. 2019).  In *Monroe*, two days after the appealed was docketed, the plaintiff–appellant filed a motion for expedited appeal which, he argued, was "necessary to redress [the] 'irreparable injury.'"  We granted that motion and moved the case along with appropriate dispatch.  In contrast, Empower demonstrated no such urgency.  When time is of the essence, a party must act like it.

The availability of these procedures shows that if the plaintiffs request credentials and the request is again denied, the suit is not one that is likely to evade meaningful review.  Whether it would evade review, including by the Supreme Court, we consider to be an issue for another case.  Because Empower did not utilize the opportunities it had in its first suit, it cannot complain that the dispute has evaded review.

We VACATE and REMAND to the district court for the suit to be DISMISSED.