ACCEPTED
15-25-00140-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/3/2025 3:01 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/3/2025 3:01:21 PM
CHRISTOPHER A. PRINE
Clerk



November 3, 2025

**<u>Via Electronic Filing</u>**
Mr. Christopher A. Prine
Clerk of the Court
FIFTEENTH COURT OF APPEALS
300 W. 15th Street, Suite 607
Austin, Texas 78701

Re: Case No. 15-25-00140-CV; In re Powered By People and
Robert Francis O'Rourke, Relators

Trial Court Cause No. 348-367652-2025

To The Honorable Fifteenth Court of Appeals:

Relators, Powered By People and Robert Francis O'Rourke, write in response to an "Advisory" filed by the State of Texas on October 23, 2025. In their Advisory, the State asks this court to consider portions of the pending writ of mandamus moot, in light of "changed facts" and its amended petition. Namely, the State writes, "Relators have ceased the challenged misconduct (and cannot engage in that misconduct now that the absent legislators have returned to the State and the Special Session has ended) and the State no longer has any need or basis to seek prospective temporary or permanent injunctive relief to prevent any ongoing or future violations of the DTPA [Deceptive Trade Practices Act]."

The State's new stance represents a complete about-face from its earlier positions. Indeed, this stunning reversal echoes arguments that *Relators* made at the trial court, and which the State then argued were "almost categorically" impossible. SR.0064 (Tr. at 25:16-22). The letter should be viewed as an admission that the relief the State won previously was unnecessary, baseless, and an abuse of the trial court's discretion. The State's litigation tactic should also be seen for what it is: a misguided attempt to manipulate appellate jurisdiction. "Mootness, however, cannot be used as a gamesmanship tactic to

avoid imminent appellate review." *In re Mesilla Valley Transp.*, No. 04-23-01067-CV, 2024 WL 2034732, at *3 (Tex. App.—San Antonio May 8, 2024, no pet.)

Further, while the State conveniently disavows its interest in prospective injunctive relief, it has not withdrawn its still-pending motion for criminal contempt of court based on alleged violations of the constitutionally infirm temporary restraining order.[1] *See* MR.0149-0161. And, it still seeks to avoid the procedural requirements of Texas law by bootstrapping a *quo warranto* proceeding onto a non-cognizable DTPA claim in order to remain in the State's preferred, but improper, venue in Tarrant County.

## I. Relators raised these "changed facts" months ago, yet the State has continued to relentlessly pursue a range of punitive injunctive relief against them.

Over two months ago, on August 19, 2025, Relators' counsel asked the trial court to dissolve the TRO restraining Relators' core political speech, in part because "there is now a quorum in the Texas House as of yesterday, and so that the concerns raised by the state about having Texas legislators preventing a quorum such that the legislature cannot do business should be much lower, if not . . . completely gone." SR.0045 (Tr. at 6:17-22). Counsel for Texas strongly disagreed, stating that "a DTPA injunction almost categorically cannot be mooted" and insisting that the TRO remain in full effect. SR.0064 (Tr. at 25:16-22); *accord* SR.0065 (Tr. at 26:5-6 ("the DTPA injunction cannot be mooted")).

On August 25, 2025, Relators filed a brief with the trial court in advance of the then-pending temporary injunction hearing noting that "Democrats have now been back in Austin for a week, and the new redistricting maps are on their way to the Governor's desk. There are no longer any 'unexcused' Texas lawmakers for whom money could be raised. These dramatically changed circumstances beg the question: what injunctive relief does the State now seek from Defendants, and why?" SR.0003. The State filed a brief hours later, reiterating its request for broad prospective injunctive relief, including the freezing of Powered by People's in-state assets. SR.0035-36.

---

[1] In an Order issued September 12, 2025, this Court stayed the temporary restraining order, as modified on August 15, 2025, (the "TRO") finding that it constituted an unlawful prior restraint of speech.

On August 27, 2025, following this Court's decision to place a brief administrative stay on trial court proceedings, Attorney General Paxton argued publicly that the order was "helping" Mr. O'Rourke continue an "unlawful bribery scheme" and that the public "must stop Beto from buying off our politicians."[2] Paxton made this statement even though, by that time, absent lawmakers had been back in Austin over a week and the Legislature had already passed the new congressional maps.

As recently as September 9, 2025, the State specifically asked this Court to deny Relators' emergency motion to stay the TRO. They argued that the State would be irreparably harmed if Relators were able to freely disburse the funds they had raised, and claimed (without providing any evidence) that "Relators seek to continue engaging in illegal fundraising practices." Resp. at 51-52.

The State's Advisory — arguing that the changed circumstances as of August 18, 2025 eviscerates their need for injunctive relief — underscores that the State has not been engaged in any legitimate effort to prevent credible consumer protection violations. Instead, the State has been singularly focused on using the machinery of government to retaliate against Relators for their political views and to diminish Mr. O'Rourke's standing as General Paxton's potential political opponent in next year's Senate race. This includes their attempt to revoke Powered by People's business license through a procedure wholly outside of the DTPA.

The Court should rely on the State's admission to grant Relators' mandamus as to the unconstitutional TRO, which was improvidently granted to begin with and then maintained well past any conceivable legitimate need.

## II.     The State cannot avoid higher-court review through manipulative litigation tactics.

"Mootness . . . cannot be used as a gamesmanship tactic to avoid imminent appellate review." *In re Mesilla Valley Transp.*, 2024 WL 2034732, at \*3; *see In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813–14 (Tex. 2022) (orig. proceeding) (per curiam); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("[A] defendant could engage in unlawful conduct,

---

[2] Ken Paxton (@KenPaxton), "What we are witnessing in Texas…", X (Aug. 27, 2025, 2:59 PM) https://x.com/KenPaxtonTX/status/1960794232710684922

stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends," if a defendant could "automatically moot a case"). Accordingly, "mootness is not readily found, particularly when a party has taken steps to cause mootness," as the State attempts to do here. *In re Contract Freighters, Inc.*, 646 S.W.3d at 813.

As discussed above, the State's letter to the Court blatantly contradicts its earlier statements in an effort to avoid a fulsome appellate review. *See* SR.0003; SR.0064; SR.0065. The State has "conducted [itself] one way when appellate courts are looking and another way when they are not." *In re Allied Chemical Corp.*, 227 S.W.3d 652 (Tex. 2007).

The State's actions bear a striking resemblance to those of plaintiffs in *In re Allied Chemical Corp.* There, defendants sought mandamus relief challenging a trial court's consolidation order in a large mass-tort case. *Id.* at 654-655. Once the Texas Supreme Court stayed proceedings, plaintiffs changed course, asking the trial court to deconsolidate and arguing that the mandamus proceeding had become moot because the challenged order no longer existed. *Id.* The Texas Supreme Court rejected that argument and explained that "[a]n appellate court's jurisdiction cannot be manipulated in this way." *Id.* at 655. Other courts in Texas have frowned on similar gamesmanship. *See, e.g., In re Contract Freighters,* 646 S.W.3d at 814 ("Like the plaintiffs in *Allied Chemical*, the McPhersons have provided no enforceable assurances via a Rule 11 agreement, a binding covenant, or anything else that would provide sufficient certainty that they would not refile the same or similar requests if the Court dismissed CFI's petition."); *In re FedEx Ground Package System, Inc.,* 609 S.W.3d 153, 158-159 (Tex. App.—Houston [14th Dist.] 2020) (holding that mandamus proceeding was not moot, despite party withdrawing subpoenas related to certain claims, because court viewed the withdrawal as strategic and the underlying issue as capable of repetition).

The State also argues that no exception applies to mootness, but this argument falls flat. The voluntary cessation exception applies because this is merely the State's "attempt to avoid a binding loss." *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.,* 717 S.W.3d 854, 875 (Tex. 2025). Moreover, there has been insufficient time to receive "*complete* judicial review." *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (emphasis in original) (quoting *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 774 (1978)). And because "the *same dispute* still divides the *same parties* despite the seeming termination of the dispute's initial cause," there is a "'reasonable expectation' of that

cause's recurrence." *Tex. Dep't of Fam. & Protective Servs.*, 717 S.W.3d at 884 (emphasis in original). Thus, the capable-of-repetition exception applies, and no part of the mandamus petition is moot.

### III. The State is still pursuing injunctive relief, including a motion for contempt of the order that is the subject of the mandamus.

The State does not address how it can conceivably take the position, on the one hand, that the portions of the mandamus challenging the TRO are moot while, on the other hand, it pursues the still-pending motion for criminal contempt based on violating that TRO before the trial court. *See* MR.0149-0161. If this Court agrees with Relators that the TRO was an abuse of discretion, the criminal contempt motion would obviously not be actionable either. "A criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *In re Luther*, 620 S.W.3d 715 (Tex. 2021) (orig. proceeding). But "one may not be held guilty of contempt for refusing to obey a void order." *Ex parte Shaffer*, 649 S.W.2d 300, 301-02 (Tex. 1983). And "[o]ne cannot be punished for contempt for violating an order which a court has no authority to make." *Ex Parte Henry*, 215 S.W.2d 588, 597 (Tex. 1948); *see also In re Luther*, 620 S.W.3d 715, 723 (Tex. 2021) ("The temporary restraining order's failure to specify . . . the precise conduct prohibited makes the order too uncertain when measured against Rule 683 and therefore too uncertain to enforce by contempt."). Thus, "Texas courts have repeatedly granted habeas relief to release those confined for disregarding an unconstitutional restriction on varying types of expression." *Ex Parte Tucci*, 859 S.W.2d 1, 3–4 (Tex. 1993); *see also Ex parte Tucker,* 220 S.W. 75 (1920) ("That part of the injunction which attempted to control the relator in his speech, was beyond the power of the court to issue and therefore void.") (citing *Ex parte McCormick*, 88 S.W.2d 104 (Tex. Crim. App. 1935) (granting habeas for release of contempt of gag order); *Ex parte Foster,* 71 S.W. 593 (Tex. Crim. App. 1903) (same)).

Additionally, the State's ultimate goal is to revoke Powered by People's business license through *quo warranto*, which is a form of non-monetary relief based on Relators' alleged violations of the DTPA and TRO. *See* Ex. A to State's Advisory, at 11-12 (Prayer for Relief). The core questions raised in the mandamus—whether generalized political fundraising messages are even regulated by the DTPA and could constitute grounds for any sort of legal relief—remain very much alive. Relators have demonstrated that

statutory text, history, and structure show the DTPA does not apply to political advertising, thereby invalidating the TRO and all other forms of relief sought by the State. *See, e.g.,* Relators' Reply in Support of Pet. for Writ of Mandamus, at 7-27.

Respectfully,

*/s/ Mimi Marziani*

Mimi Marziani

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing pleading was served on the following as set forth below, on November 3, 2025.

**Via e-service:** Rob.Farquharson@oag.texas.gov
Rob Farquharson
Deputy Chief
Consumer Protection Division
Office of the Attorney General

**Via e-service:** Abby.Smith@oag.texas.gov
Abigail E. Smith
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General

**Via e-service:** Johnathan.Stone@oag.texas.gov
Johnathan Stone
Chief
Consumer Protection Division
Office of the Attorney General

**Via e-service:** smccaffity@textrial.com
Sean J. McCaffity
Sommerman, McCaffity, Quesada & Geisler L.L.P.

*/s/ Mimi Marziani*
Mimi Marziani

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joaquin Gonzalez on behalf of Joaquin Gonzalez
Bar No. 24109935
jgonzalez@msgpllc.com
Envelope ID: 107600079
Filing Code Description: Letter
Filing Description: Relators Response to State's Mootness Letter
Status as of 11/3/2025 3:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | sjmdocsnotifications@textrial.com | 11/3/2025 3:01:21 PM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 11/3/2025 3:01:21 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 11/3/2025 3:01:21 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 11/3/2025 3:01:21 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Brian Falligant` | | bfalligant@inquestresources.com | 11/3/2025 3:01:21 PM | SENT |
| William Peterson | | william.peterson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Rebecca Neumann | | rneumann@textrial.com | 11/3/2025 3:01:21 PM | SENT |
| Nancy Bentley | | ndbentley@tarrantcountytx.gov | 11/3/2025 3:01:21 PM | SENT |
| Lisa Adams | | LAAdams@tarrantcountytx.gov | 11/3/2025 3:01:21 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Cole | 24124187 | William.Cole@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| Justin Sassaman | | justin.sassaman@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
| William Peterson | | William.Peterson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joaquin Gonzalez on behalf of Joaquin Gonzalez
Bar No. 24109935
jgonzalez@msgpllc.com
Envelope ID: 107600079
Filing Code Description: Letter
Filing Description: Relators Response to State's Mootness Letter
Status as of 11/3/2025 3:08 PM CST

Associated Case Party: State of Texas

| William Peterson | | William.Peterson@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |
|---|---|---|---|---|
| Abby Smith | | abby.smith@oag.texas.gov | 11/3/2025 3:01:21 PM | SENT |